BOLIN, Judge.
This adoption proceeding was instituted by the husband of the child’s mother. The natural father refused to consent to the adoption and it was granted over his opposition pursuant to La.R.S. 9:422.1,[1] which permits adoption without the consent of a legitimate parent when that parent has failed to comply with a court order of child support for a period of one year. The natural father appeals and we affirm.
Appellant and the child’s mother were divorced in September 1974. That judgment granted custody of the child to the mother and ordered appellant to pay $400 per month child support, in addition to the child’s educational and medical expenses. The record indicates that all child support payments were made through August 1976, with the last regular payment being made in that month. One additional payment of $1200 was made on April 1, 1977. This suit was filed on December 31, 1977.
Appellee and the child’s mother were married in July 1976 and established a home in Shreveport where they have since lived with the child. Shortly following this marriage, the child, with the consent of her mother and appellee, informally changed her last name to that of appellee. Appellant testified when he learned the child was no longer using his last name he became angry and discontinued child support payments. He had been advised by his attorney that failure to pay for one year could result in his daughter being adopted without his consent. Consequently, he made the $1200 payment on April 1, 1977 to thwart this result. The parties stipulated that appellant was at all times in question financially able to pay the court ordered support.
The trial court held that although the $1200 payment was made within a year of the filing of this suit, the payments represented amounts due for the months of September through November of 1976, and consequently appellant had failed to comply with the court order of support for a period of one year. The court further noted that even if the $1200 payment were to be attributed to 1977 rather than 1976, it represented only one-fourth of the amount due for the calendar year 1977 and did not, under appellant’s circumstances, constitute a substantial compliance with the court order. Consequently, the adoption was granted despite appellant’s refusal to consent.
Appellant contends the trial court erred in the following respects: (1) in finding that he had failed to comply with the court order of support for a period of one year; (2) in finding that his failure to comply with the court order was not justified and excused under the circumstances, and (3) in granting the adoption without his consent in absence of a finding that he had demonstrated over a long period of time an attitude of total disregard of parental responsibility toward his child.
Appellant’s first specification of error is without merit. This claim is based on evidence of various payments made by appellant to the child’s mother prior to August 1976, the total of which appellant claims exceeds his child support liability through January 1, 1977. Many of these payments were made under that portion of the judgment ordering appellant to pay the educational and medical expenses of the child in addition to the $400 regular monthly payments. Therefore, these payments do not constitute an overpayment by appellant entitling him to credit toward his obliga *786 tions of child support for any period after August 1976.
Appellant further claims the $1200 payment on April 1, 1977, made within a year of the filing of this suit, was sufficient to preclude the application of the statute. We do not agree. In the case of In Re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963), the Supreme Court made the following observation:
In construing the statute here under consideration which dispenses with consent in adoption proceedings under certain conditions, we are mindful of the above pronouncements, but we do not propose to give the statute such a strict interpretation as to make it ineffective and inoperative. To hold that under the statute there must be a complete refusal or failure to pay any sum whatever for one year before consent would be dispensed with would be to disregard completely the obligation which a parent has to provide support and maintenance for his child. Such a holding would permit an unworthy parent, in complete disregard of his obligation to his child, to prevent an adoption which might be to the best interest of the child by making a token payment of a nominal sum once each year insufficient to provide for maintenance and support. Such a strict construction would lead to absurd consequences and make the statute meaningless and ineffective.
Furthermore, in the case of In Re Lafitte, 247 La. 856, 174 So.2d 804 (1965), the court stressed this language from the Ackenhau-sen case and added the following comment:
We think, as did our learned brother below, that “If it were possible to pay up an arrearage in the twelfth month of each year and thereby defeat each effort of the adoptive step-parent to adopt children he is attempting to be a father to, the intent of the legislature in adopting R.S. 9:422.1 would surely be defeated.” (The emphasis has been supplied.)
These two cases make it clear that an arbitrary refusal to comply with the spirit of a support order, such as the one in this ease, will result in that parent’s consent being unnecessary for an adoption. Appellant admits he was financially able to pay during the entire time in question and was well aware of his continuing obligation to pay the monthly support. In spite of this, appellant made only one payment during the 16 month period prior to the filing of this suit, representing less than one-fourth of his total obligation for that period. Appellant’s own testimony clearly indicates this payment was a direct attempt to circumvent the operation of the adoption statute. To allow this to happen would be to completely frustrate the statute’s purpose.
Appellant’s second specification of error is also without merit. He contends the child’s mother refused to let him visit the child and that he was upset and confused over the child’s informal name change. He claims these factors constitute just cause for his failure to comply with the support order and therefore his non-compliance is excused. -
The evidence does not support these contentions. Appellant only attempted to visit the child twice during 1977, and was allowed to do so on each occasion. Furthermore, the evidence indicates appellant’s refusal to pay was deliberate rather than an involuntary manifestation of his emotional state.
In appellant’s third specification of error he contends that in order for the statute to apply, the court must not only find a failure to comply with a court order of support for a period of one year but must also find the delinquent parent demonstrated a prolonged attitude of total disregard of his responsibility to his child.
We do not agree. All the cases cited by appellant to support this proposition deal with situations where the failure to pay support was due to circumstances beyond the parent’s control. We have already held that appellant’s failure to pay was not due to circumstances beyond his control. The reasoning behind this rule was stated by the court in the case of In Re Adoption of Fouts, 254 So.2d 649 (La.App. 1st Cir. *787 1971). There it was noted that “courts cannot callously overlook the rights of the natural parent who has made reasonable efforts to fulfill his parental obligations.” We do not find appellant’s actions to be a reasonable effort to fulfill his obligations.
The judgment is affirmed at appellant’s cost.

. § 422.1
If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1)The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.