KLIEBERT, Judge.
L. Dowell Amette seeks to adopt Laura Elizabeth Valentine, the child of his wife by her first marriage to Harold Gray Valentine, Jr. The child’s father opposed the adoption.
The facts material hereto are as follows: The Valentines were divorced on June 5, 1975, with Mrs. Valentine obtaining custody of Laura. In September, 1977, Mr. Valentine was ordered to pay $50.00 per month for the support of the minor child. Mr. Valentine fell behind on his payments and occasionally made payments on the arrear-ages. On April 17, 1978, Mrs. Valentine married petitioner. On March 3, 1980, plaintiff-appellant petitioned for adoption of Laura Elizabeth Valentine, alleging that the natural father’s consent was not required under L.R.S. 9:422.1 because Mr. Valentine had not complied with a court order of support for a period of one year. The trial court denied the adoption. The applicant appealed.
The appellant’s specifications of error are grounded on the following: In April, 1979, Mr. Valentine made an alimony payment of $500.00. In February of 1980, a check in the amount of $100.00, with no payee named therein, was mailed by Mr. Valentine to his daughter. His ex-wife returned the check to him. On February 28, 1980, Mr. Valentine mailed another check to his former wife in the amount of $200.00.
Under the ruling of State of Louisiana in ■ the Interest of Haynes, 368 So.2d 783 (La.App. 2nd Cir. 1979), the appellant’s argu *1084 ment (relative to the application of an alimony payment to the oldest alimony due) may appear to have merit; however, the argument overlooks the payment of $200.00 made by check dated February 29,1980, but mailed on February 28, 1980. On advice of her counsel, appellant did not process this check for payment. Applying the ruling of the Haynes case, supra, the $200.00 payment would cover the alimony payments due through June, 1980. Since the petition for adoption was not filed until March 3, 1980, we agree with the trial judge’s conclusion that the prerequisite for the application of R.S. 9:422.1 has not been met.
As was observed by the trial court, those laws terminating parental rights must be strictly construed. The natural father’s effort to meet his support obligation should not be prevented by the simple expediency of the mother’s failing to fill out the name of the payee in the check or by failing to process a check for payment. It is evident Mr. Valentine had made strong efforts to continue his relationship with his daughter. Although he did not maintain all of his visitation arrangements or make all of his promised gifts, even though he was in California and she was in Louisiana, he did visit with her and he did send her gifts and did make support payments, albeit late. It might also be noted that he made several attempts to visit which were unsuccessful because of prior commitments of the child or the mother.
We find no error in the trial court’s ruling. Therefore, the judgment of the trial court is affirmed. Costs of this appeal to be paid by appellant.

AFFIRMED.