254 So.2d 649 (1971)
In the Matter of ADOPTION of Craig Alan FOUTS.
No. 4560.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1971.
Rehearing Denied December 6, 1971.
*650 Frank E. Beeson, III, New Orleans, for plaintiff-appellant.
Billy Lee Fouts, pro se.
Before LEMMON, GULOTTA and BOUTALL, JJ.
LEMMON, Judge.
Allen Howard Pettigrew appealed from a judgment denying his petition to adopt his six year old stepson, Craig Alan Fouts, without the consent of the legitimate father under the provisions of LSA-R.S. 9:422.1.[1]
Pettigrew's wife was previously married to Billy Lee Fouts, a resident of Texas, and the child had been adopted by them during that marriage. A curator was appointed to represent Fouts, who upon notice of Pettigrew's petition appeared through his own attorney and opposed the adoption.
Mrs. Pettigrew's marriage to Fouts was terminated by divorce in Texas on August 19, 1965. The divorce decree granted the care, custody and control of the minor child to the mother, and the father was condemned to pay child support at the rate of $50.00 per month through the Tarrant County Child Support Officer.
Fouts made these payments until May, 1967, and it is undisputed that Fouts has made no payments directly to the mother or through the court since that time.
Fouts contends that he became disabled and was hospitalized for nine months, but continued the support payments as long as his employer continued his salary during the initial stage of his disability. Fouts thereupon began collecting disability benefits under Social Security, and because of *651 Fouts' disability his child was entitled to and has consistently collected similar benefits.
He further contends that he was current in his support payments through July, 1968, when the mother and child moved to Kansas, since she had taken the sum of $400.00 as past due payments from the proceeds of the sale of their home shortly before she left Texas. Since that time he contends that he has been unable to support the child because of his disability and has been deprived of visitation privileges by the move to Kansas and other moves.
On the other hand, Mrs. Pettigrew testified that Fouts had constantly harassed her and threatened her life in Texas, and the couple had returned to court twice following the divorce in disputes over visitation privileges. She therefore accepted a job transfer to Kansas, but when Fouts learned of her whereabouts, he attempted to judicially enforce visitation privileges in that state.
In January, 1969 the mother married Pettigrew, and she and the child moved with him to Mobile, Alabama and eventually to New Orleans in transfers associated with Pettigrew's employment.
In the case of In Re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963) the Supreme Court interpreted R.S. 9:422.1 as a legislative definition of conduct by which a parent would forfeit his parental right to withhold consent to adoption of his child, the conduct being failure to contribute to the support of the child for one year without just cause or unless there are reasons beyond his control. See also In re LaFitte, 247 La. 856, 174 So.2d 804 (1965) and In re Genin, 240 So.2d 46 (La.App. 4 Cir. 1970).
The underlying theory of the statute is that one cannot demand the rights and deny the responsibilities associated with parenthood. Although emphasis is often placed on a natural parent's "right" to his child, we believe that an equally important consideration is the nature and extent of his failure to perform his parental obligations.
If the parent completely disregards his duties and exhibits no interest in the child over a considerable period of time, the welfare of the child will ordinarily best be served by granting the adoption to the stepparent, with whom the child will be living in any event.[2] On the other hand, courts cannot callously overlook the rights of the natural parent who has made reasonable efforts to fulfill his parental obligations.
In this case, we are impressed with the fact that Fouts faithfully complied with his support obligation prior to his disability. Since he failed to contribute to the support of the child only after he became totally disabled, we hold that the disability is certainly a reason beyond his control which meets the test of the Ackenhausen case.
Pettigrew argues, however, that although Fouts's disability may have prevented him from continuing support at the rate of $50.00 per month, he should have provided some support, no matter how small, since under the disability program he was allowed to and did earn some additional income, and he also provided some support to his present wife and her two children of a previous marriage. This argument raises the factual issue of whether he was unable to make any support contributions under the circumstances or whether he simply disregarded his parental obligations.
In this regard the findings of the trial judge should be accorded great weight because of his superior vantage point in the evaluation of the testimony, this being particularly true in cases involving relationships of parents and children.
The amount of Fouts' additional income, limited to a maximum of $1,600.00 annually, was not shown, but regardless his primary source of income was the Social Security program to which he contributed before he became disabled. Based on the same contributions, *652 his son received support after the disability from the same program, although this consideration is not solely determinative of the issue. Additionally, Fouts has exhibited a continued interest in the child, even though we concede that some of his actions were possibly taken to harass the mother.
After consideration of the record before us on review, we find no manifest error in the denial of the adoption.
Accordingly, the judgment is affirmed. All costs are assessed to appellant.
Affirmed.
NOTES
[1] The statute provides:

"If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents."
[2] See generally, Clark, Law of Domestic Relations, § 18.5 (1968).