HOOD, Judge.
This is a workmen’s compensation suit instituted by Leon Anderson against Tudor Construction Company and its insurer, Travelers Insurance Company. Defendants answered and filed a reconventional demand, alleging that they had overpaid the compensation due plaintiff, and demanding judgment against plaintiff for the amount of that overpayment. Judgment was rendered by the trial court awarding plaintiff weekly compensation benefits from July 28, 1971, until February 18, 1972, subject to a credit for all amounts previously paid, and rejecting defendants’ reconventional demands. Defendants have appealed.
The issues presented are whether plaintiff received compensation benefits, or wages in lieu of compensation, from the date of the accident, July 28, 1971, until August 20, 1971, and whether the weekly compensation benefits which defendants paid to plaintiff from September 10, 1971, to February 18, 1972, were actually not owed, and thus were an overpayment of such benefits.
Anderson sustained an injury consisting of a fracture of the middle finger of his right hand, as the result of an accident which occurred on July 28, 1971, while he was working as a laborer for Tudor Construction Company. He received medical treatment for that injury from the date of the accident until October 18, 1971, and he was examined by another doctor on February 16, 1972. Defendants paid compensation benefits to plaintiff at the rate of $49.00 per week from August 20, 1971, until February 18, 1972.
Defendants contend that plaintiff recovered from his injury and was able to return to work by September 10, 1971. They claim that they were not aware of the fact that he had recovered until long after that date, because of a delay in sending a medical report to them, and that they paid compensation benefits to plaintiff from the above mentioned date until February 18, 1972, although no compensation was due for that period. They have reconvened to recover that alleged overpayment from plaintiff.
The burden of proof rests upon defendants, the employer and its insurer, to establish their claim for reimbursement under the reconventional demand. Chance v. T. J. Moss Tie Co., 31 So.2d 19 (La.App., 2 Cir. 1947).
Dr. Charles M. Anderson treated plaintiff from the date of the accident until August 6, 1971. The treatment which he administered included the application of a splint and the removal of the fingernail from the injured finger. The doctor felt that the injury was disabling, and that plaintiff would continue to be disabled for a period of from six to eight weeks after his formal report was submitted on September 1, 1971.
Dr. William Akins treated plaintiff from August 10 until October 18, 1971. A short arm cast was applied to plaintiff’s right hand and arm, with an aluminum Bowler splint applied to the finger. The cast was removed on August 23, 1971, and the doctor reported that at that time “the nail had begun to re-grow satisfactorily.” Although he informed plaintiff on September 10 that “from a medical standpoint” he could return to work, his report indicates that plaintiff’s fingernail had not re-grown by that time, and that plaintiff was still complaining of pain. When he last examined plaintiff on October 18, 1971, he found that the nail “had re-grown completely with minimal deformity,” that the bone fragments had united, and that no further treatment was indicated. He also *819 reported, however, that Anderson was still complaining of “pain along the radial aspect of his PIP joint of the long finger of the right hand.” He discharged plaintiff on that date, and although he may have meant to say that plaintiff was no longer disabled, we find no statement in the doctor’s report to the effect that plaintiff could return to work or that he could perform manual labor. He acknowledged that plaintiff complained of a specific pain in the injured finger, but he expressed no opinion as to whether plaintiff’s complaints of pain were justified, and if so whether the pain was or might be disabling.
Dr. J. W. Ambrister examined plaintiff on February 16, 1972, and found that he had completely recovered with no resulting disability by that date, and that he was capable of performing the type of work he did prior to the accident.
Plaintiff testified that he suffered pain in his injured finger continuously from the date of the accident until about two months after Dr. Ambrister examined him, and that because of that pain he was unable to work during that time. He stated that he performed no work from the time he injured his finger until about April, 1972, but that he has worked as a janitor and as a deliveryman for a drug store since that time.
The trial judge concluded that Anderson was disabled from the date of the accident until February 18, 1972. The trial judge’s findings of fact are entitled to great weight, and they will not be disturbed unless found to be clearly erroneous. Lege v. United States Fidelity and Guaranty Co., 217 So.2d 761 (La.App., 3 Cir. 1969). We have decided that there is ample evidence to support the conclusions reached by the trial court here that plaintiff was disabled during the above mentioned period of time. His findings to that effect thus were not clearly erroneous, and we will not disturb them.
The trial judge also found that plaintiff had not been paid compensation benefits from the date of the acident, July 28, 1971, until August 20, 1971, and he awarded plaintiff compensation benefits for that period. Defendants, in contending that the trial judge erred, claim that plaintiff was paid wages in lieu of compensation from the date of the accident until August 20, 1971, when the payment of regular benefits was commenced.
No evidence was produced at the trial tending to show that plaintiff received wages or payments of any kind during that period of time. Defendants argue, however, that a stipulation was entered into at the commencement of the trial that compensation had been paid from the date of the injury to February 18, 1972. They take the position that plaintiff is bound by that stipulation, and that the court erred in ignoring it, especially since the agreement was clear and no evidence was offered to show that plaintiff did not receive either compensation payments or wages in lieu of compensation during that time.
The stipulation which was entered into at the trial was “that compensation was paid from the date of the injury, August 20, 1971, to February 18th, 1972.” The date of the injury, of course, was July 28, instead of August 20, so it is apparent that an error was made in the stipulation. Because of that error, we are unable to determine whether the parties intended to stipulate that compensation was paid from the date of the injury, July 28, or from August 20, 1971.
In answer to interrogatories propounded' by defendants, plaintiff stated that compensation benefits were paid to him from September 3, 1971, through February 18, 1972. No evidence has been presented to contradict that statement. Plaintiff’s uncontradicted answer thus supports the trial judge’s conclusion that plaintiff was not paid compensation benefits for at least three weeks after the accident occurred. There is no evidence in the record tending to show that he received any wages during that time.
*820 We conclude that the trial court did not err in awarding plaintiff compensation benefits from July 28, 1971, until February 18, 1972, subject to payments previously made, and in rejecting defendants’ recon-ventional demands. We also agree with the conclusion reached by the trial judge that plaintiff has not received compensation benefits from July 28 to August 20, 1971.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Affirmed.