337 So.2d 663 (1976)
Keith L. BURSON, applying for adoption, Plaintiff-Appellee,
v.
Craig S. LASSEIGNE, Defendant-Appellant.
No. 5611.
Court of Appeal of Louisiana, Third Circuit.
September 22, 1976.
*664 Lippman, Hunter & Rawls by Dale P. Martin, Morgan City, for defendant-appellant.
Haik & Broussard by C. E. Broussard, New Iberia, for plaintiff-appellee.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellee, Keith L. Burson, instituted proceedings to adopt Eric Paul Lasseigne, the minor child of his present spouse. Defendant-appellant, Craig S. Lasseigne, the child's natural father, opposed the action. From a judgment granting the adoption and changing the name of the child to Eric Paul Burson, the defendant has appealed. We affirm.
The defendant and plaintiff's wife were divorced on March 21, 1974, in St. Mary Parish, Louisiana, pursuant to a judgment rendered by the Sixteenth Judicial District Court. Custody of their child was awarded to the wife, and the defendant was ordered to pay the sum of $50.00 per month as support for the minor child.
In November of 1973, prior to the judgment of divorce, but subsequent to a judicial separation, defendant's wife informed him that she and the child were leaving the country, apparently to join plaintiff who was then working for Petroleum Helicopters, Inc., in Portuguese West Africa. In their conversation defendant offered no objection to his wife's leaving and taking the child with her. Defendant however did indicate his opinion that any transportation costs to send the child back for visits with him should be borne by his wife. The wife was of the opinion that the defendant should bear that cost. Defendant was not provided with an address where his wife and child could be reached in Africa.
In accordance with the judgment of March 21, 1974, ordering him to pay child support, defendant mailed one check to his former wife at her parents' home with the instructions that it be delivered to the addressee only. Of course, the letter was returned. Defendant did attempt to make partial payment after this suit was filed, but plaintiff refused to accept it.
*665 Plaintiff and the child's mother were married on July 5, 1974, at Luwanda, Portuguese West Africa. Defendant admitted that he knew of the marriage, plaintiff's identity, and the name of his employer. When asked why he failed to contact plaintiff's employer in an effort to determine the overseas address of his child, defendant answered that he felt it was not his duty to take such action.
Defendant's former mother-in-law had knowledge of her daughter's mailing address in Africa. She readily divulged this information to defendant's sister who corresponded on one occasion with plaintiff's wife. Defendant testified that his former mother-in-law refused to provide him with the address when he requested it. However, the former mother-in-law denied that defendant ever contacted her concerning the address and stated that she would not have withheld that information from him. At any rate, the record is clear that defendant knew that his sister was in possession of an address where his child and former wife could be reached.
Plaintiff's spouse and stepchild returned to Louisiana in November of 1974, and he joined them approximately three months thereafter. The family lived in Florida from January, 1975, until May of that year, after which time they moved to Lafayette, Louisiana, where they currently reside. The adoption proceedings were instituted on September 12, 1975, the petition alleging that consent of the natural father was unnecessary under the provisions of LSA-R.S. 9:422.1.
LSA-R.S. 9:422.1 provides:
"§ 422.1 Adoptions by step-parent, grandparent; consent
If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents. Added Acts 1958, No. 501, § 1, as amended Acts 1960, No. 268, § 1; Acts 1962, No. 106, § 1."
In interpreting the above statute our courts have consistently held that a parent may fail to comply with a court order of support only if said failure is due to circumstances which are beyond his control. See In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963); In re LaFitte, 247 La. 856, 174 So.2d 804 (1965); Rodden v. Davis, 293 So.2d 578 (La.App. 3rd Cir. 1974), writ refused, La., 296 So.2d 832; Adoption of Fouts, 254 So.2d 649 (La.App. 4th Cir. 1971); In re Merrill, 246 So.2d 207 (La.App. 1st Cir. 1971).
A parent ordered to pay child support is not relieved of that duty merely because his spouse has failed to provide him with the child's address. Rather, he must make an attempt to determine the child's whereabouts in an effort to comply with the support order. See In re Daigle, 232 So.2d 548 (La.App. 1st Cir. 1970).
In the instant case, defendant made no attempt to locate his child by contacting the employer of his former spouse's new husband. Furthermore, he knew that his sister had the child's address but made no effort to send the support payments to that location. Under the facts presented herein we cannot say that the trial judge erred in finding that the defendant's failure to comply with the child support order was not caused by circumstances which were beyond his control. Of course, defendant's attempt to pay, after more than a year had passed and litigation had commenced, has no effect on the decision *666 reached herein. See In re LaFitte, supra; In re Salmon, 318 So.2d 897 (La.App. 2nd Cir. 1975).
Defendant also contends that the trial court erred in recognizing the child support judgment since a certified copy of same was not placed into evidence at the trial (a certified copy was attached to and made a part of the petition). However, in paragraph seven of his petition plaintiff alleged that defendant had been condemned by a judgment of the Sixteenth Judicial District Court to pay the amount of $50.00 per month to support his minor child. Paragraph seven of defendant's Answer states: "The allegations of fact contained in paragraph 7 of the petition are admitted."
The admission in defendant's Answer clearly constitutes a judicial confession on his part. See LSA-C.C. Article 2291. In civil proceedings a litigant is bound by the allegations and admissions of fact contained in his pleadings, and the adverse party need not offer evidence to prove a fact judicially admitted. See J. H. Jenkins Contractors, Inc. v. Farriel, 261 La. 374, 259 So.2d 882 (1972); State v. Ward, 314 So.2d 383 (La.App. 3rd Cir. 1975), writ denied, La., 319 So.2d 440; State, Department of Public Safety, Drivers License Division v. Bundrick, 311 So.2d 34 (La.App. 2nd Cir. 1975).
Thus, we are of the opinion that the trial court properly allowed plaintiff to adopt the minor child of his spouse and defendant, albeit without the latter's consent.
For the above and foregoing reasons the judgment of the District Court is affirmed. Costs of this appeal are assessed against defendant-appellant.
AFFIRMED.