CHIASSON, Judge,
concurring:
If the support order of 1971 is valid, as assumed by the majority herein, then I am of the opinion that the failure of appellant to pay child support solely on the basis of the uncertainty of the amount thereof was not for reasons beyond his control and his consent to the adoption would not be necessary. In re Ackenhausen, 244 La. 730, 154 So.2d 380 (1963); Steed v. McKenzie, 344 So.2d 689 (La.App. 1st Cir. 1977); In re Bailey III, 335 So.2d 694 (La.App. 2nd Cir. 1976); Burson v. Lasseigne, 337 So.2d 663 (La.App. 3rd Cir. 1976); Matter of Adoption of McArthur, 333 So.2d 372 (La.App. 4th Cir. 1976), writ refused (1976). Appellant could easily have had the amount determined by a rule to show cause.
The crucial question is whether there exists a court order of child support which appellant refused or failed to comply with for a period of one year. The 1971 court order relied upon by appellees was an indivisible award for child support and alimony. Two changes have occurred since the rendition of the court order which effectively invalidates it. The first was the remarriage of the wife and the second was the change of custody of two of the three children by legal process. The effect of the remarriage was to terminate the alimony by operation of law and the effect of the legal change of custody was to terminate the indivisible support order of 1971. Under either of these situations, the termination of a portion of an indivisible award invalidates the entire award.
Therefore, there exists no court order of support for the legitimate father to refuse or fail to obey and his consent to the adoption is necessary.
For this reason, I concur with the results reached by the majority herein.