479 So.2d 694 (1985)
Joyce L. ROMERO, Plaintiff-Appellant,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
No. 84-1009.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1985.
*695 Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
William J. Aubrey, Roy, Forrest & Lopresto, Lafayette, for defendant-appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
LABORDE, Judge.
Appellant, Joyce L. Romero, instituted suit against State Farm Fire and Casualty Company (State Farm) for worker's compensation benefits. Ms. Romero was awarded seventy-six dollars ($76.00) per week for the duration of her disability. The trial court further found that State Farm was entitled to a credit for all compensation previously paid to appellant, and to a credit for an overpayment of $2,354.00 made to appellant. Ms. Romero appeals only the portion of the trial court judgment which gives State Farm credit for the overpayment. For the reasons set forth below, we reverse the portion of the trial court judgment which gives State Farm a credit for the alleged overpayment.
Ms. Romero brought suit to recover worker's compensation benefits. She alleges that as a result of an accident which occurred on June 28, 1982, while employed by Chef's Fried Chicken in Ville Platte, she became totally and permanently disabled. State Farm is the worker's compensation insurer of Chef's Fried Chicken.
The case was duly heard on the merits on August 15, 1984, and on September 12, 1984, reasons for judgment were rendered by the trial court. The trial court held that Ms. Romero was totally and permanently disabled and entitled to $76.00 per week commencing June 28, 1982, during her disability, together with all medical expenses, less a credit for sums previously paid. The trial court specifically held that State Farm was entitled to a credit of $2,354.00 for the overpayment made to Ms. Romero. State Farm has not appealed; consequently, the trial court judgment awarding Ms. Romero total and permanent disability benefits has become final.
Counsel for Ms. Romero objected to State Farm presenting any evidence showing that an overpayment had been made. The record shows that the objection was based on three grounds, to wit: (1) relevancy; (2) estoppel and; (3) ultra petitionem. Nonetheless, the trial court admitted evidence tending to prove that State Farm erroneously overpaid Ms. Romero $2,354.00.
Apparently, State Farm had miscalculated the amount due Ms. Romero. She had been receiving three hundred and sixty-six dollars ($366.00) every two weeks instead of one hundred fifty-two dollars ($152.00) every two weeks (representing seventy-six dollars ($76.00) per week). The aggregate of the overpayment was stipulated by counsel to equal two thousand three hundred fifty-four dollars ($2,354.00).
The trial judge provided reasons for this judgment in favor of State Farm on this issue:
"As to the second question, plaintiff contends that defendant should have made a reconventional demand for the amount of overpayment or make a demand in a separate suit. Defendant on the other hand, maintains that a judicial admission of this fact was made in a pleading, and therefore, a judicial admission [sic]. The court finds that the law and jurisprudence are in favor of defendant, and is entitled to a credit for the overpayment made to plaintiff."
We disagree with the trial court's legal conclusion and find that the court erred in granting State Farm a credit of $2,354.00 for the overpayment.
*696 State Farm answered the petition of Ms. Romero without raising the issue of overpayment. State Farm failed to make a reconventional demand or to amend its answer to address the issue of overpayment. Any judgment rendered beyond the pleadings is a nullity. State v. Stansberry, 228 La. 655, 83 So.2d 890, 892 (1955). A claim not asserted in the answer or reconventional demand affords no basis for judgment for a defendant. Homes v. James Buckley & Co., 165 La. 874, 116 So. 218 (La.1928). In Anderson v. Tudor Construction Company, 281 So.2d 817 (La.App. 3d Cir.1973), we held that the burden of proof rests upon defendants, the employer and its insurer, to establish their claim for reimbursement under the reconventional demand. Id. at 818. In Anderson, defendants did reconvene to recover the alleged overpayment and we permitted recovery. In this case, a reconventional demand was not made, defendant's answer was not amended, and when evidence to prove that the overpayment had been made was offered, Ms. Romero made her objections timely. Therefore, the evidence of the overpayment did not act to enlarge the pleadings. See Pond v. Campbell, 251 La. 921, 207 So.2d 535, 537 (1968).
The trial judge concluded, as State Farm continues to aver on appeal, that Ms. Romero made a judicial admission of the fact that appellee was entitled to the overpayment.
The alleged judicial admission, State Farm asserts, is contained in a preliminary default judgment entered on January 27, 1984, but which is not conspicuously absent from the appellate record. State Farm represents that the preliminary default judgment recites that the defendant is entitled to a credit for any amounts previously paid or overpaid. Ms. Romero represents that the judgment recites that defendant is entitled to a credit for all compensation previously paid. We need not delve into semantic nuances to resolve this issue. We conclude that the preliminary default judgment ordered by the trial judge did not constitute a judicial confession.
State Farm relies on La.C.C. art. 2291[1] which at the time of trial provided:
"The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
It amounts to full proof against him who has made it.
It can not be divided against him.
It can not be revoked, unless it be proved to have been made through an error in fact.
It can not be revoked on a pretense of an error in law."
We would agree with State Farm that Ms. Romero would be barred from withdrawing a judicial confession if in fact one had been made. Compare Burson v. Lasseigne, 337 So.2d 663, 666 (La.App. 3d Cir. 1976). In this case, the record is barren of any evidence demonstrating that such a declaration was made. State Farm has failed to cite, and our research has failed to discover, any case which holds that a solemn judicial pronouncement made by a trial judge (i.e. the default judgment) can have the effect of a judicial confession of one of the parties. It would indeed be surprising to find such a case since the litigants have no control over what the trial judge recites in his judgments.
For the above and foregoing reasons, we reverse that portion of the trial court judgment which gives a credit to State Farm for the alleged overpayment in the amount of $2,354.00 made to Ms. Romero. In all other respects, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellee, State Farm Fire and Casualty Company.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] This article number was vacated, effective January 1, 1985. For the subject matter of former La.C.C. art. 2291, see La.C.C. art. 1853.