# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1149


DUSTIN RUTLEDGE

VERSUS

RESOURCE TRANSPORTATION, ET AL.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 06-08635
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*


**MARC T. AMY
JUDGE**

\*\*\*\*\*\*\*\*\*\*


Court composed of Marc T. Amy, Billy Howard Ezell and James T. Genovese, Judges.


**AFFIRMED.**



**Robert B. Purser
Purser Law Firm
Post Office 1670
Opelousas, LA   70571
(337) 948-0815
COUNSEL FOR DEFENDANTS/APPELLANTS:**
   **National Loss Control Management, Inc.
   Resource Transportation**

**Christopher C. McCall
Baggett, McCall, Burgess, Watson & Gaughan
Post Office Drawer 7820
Lake Charles, LA   70606-7820
(337) 478-8888
COUNSEL FOR PLAINTIFF/APPELLEE:**
   **Dustin Rutledge**

AMY, Judge.

The workers' compensation judge awarded penalties and attorney fees to the claimant for the employer's failure to approve medical treatment and pay certain medical bills. The employer appeals, contending that the judge erred in assessing penalties and attorney fees and in failing to specify for which expenses and treatments the penalties and attorney fees were assessed. For the following reasons, we affirm.

**Factual and Procedural Background**

The record indicates that on July 8, 2004, the claimant, Dustin Rutledge, while in the course and scope of his employment with Resource Transportation, was injured when lightning struck in the area surrounding him. The claimant is receiving indemnity benefits; accordingly, this litigation does not involve the payment of such benefits. On December 14, 2006, the claimant filed a disputed claim for compensation, seeking penalties and attorney fees for the employer's failure to authorize treatment and failure to pay medical expenses. The parties do not dispute that on July 24, 2007, they reached an agreement wherein the employer/insurer agreed to pay for and/or approve specified medical treatment. The record reveals that the payments and authorizations were still not made three months after the settlement was reached; accordingly, the claimant filed a Motion to Enforce the Settlement and sought sanctions. After a hearing, the workers' compensation judge entered a judgment on December 18, 2007, ordering the employer/insurer to authorize all unauthorized medical treatment and pay for all medical services outlined in the July 24, 2007 agreement. A second hearing resulted in an order allowing the claimant to see Dr. Soileau. Finally, after a third hearing was conducted, the workers' compensation judge ordered that the employer pay penalties in the amount of $8,000.00 and attorney fees in the amount of $6,250.00. The employer/insurer

appeals, assigning as error the workers' compensation judge's assessment of penalties and attorney fees due to its assertion that the nonpayment was beyond its control. It also questions the failure to "identify specific expenses and treatment for which penalties and attorney fees were being awarded."

**Discussion**

"The applicable standard of review in determining whether a defendant should be cast with penalties and attorney fees is the manifest error-clearly wrong standard." *Bennett v. Pilgrim's Pride*, 07-753, p. 10 (La.App. 3 Cir. 12/12/07), 972 So.2d 423, 429, *writ denied*, 08-103 (La. 3/7/08), 977 So.2d 907. Louisiana Revised Statutes 23:1201(E) and (F)(2) provide:

> E. Medical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof.

> F. Failure to provide payment in accordance with this Section or failure to consent to the employee's request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty in an amount up to the greater of twelve percent of any unpaid compensation or medical benefits, or fifty dollars per calendar day for each day in which any and all compensation or medical benefits remain unpaid or such consent is withheld, together with reasonable attorney fees for each disputed claim; however, the fifty dollars per calendar day penalty shall not exceed a maximum of two thousand dollars in the aggregate for any claim. The maximum amount of penalties which may be imposed at a hearing on the merits regardless of the number of penalties which might be imposed under this Section is eight thousand dollars. An award of penalties and attorney fees at any hearing on the merits shall be res judicata as to any and all claims for which penalties may be imposed under this Section which precedes the date of the hearing. Penalties shall be assessed in the following manner:

> . . . .

> (2) This Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control.

The supreme court in *Williams v. Rush Masonry, Inc.*, 98-2271, p. 8 (La. 6/29/99), 737 So.2d 41, 46, stated, "Awards of penalties and attorney's fees in workers' compensation are essentially penal in nature, being imposed to discourage indifference and undesirable conduct by employers and insurers."

The employer/insurer essentially argues that any nonpayment on its part resulted from conditions over which it had no control; it asserts that the compensation insurer, having strict billing procedures, could not submit the bills for payment without receiving the correct referencing codes and corresponding medical reports from the medical providers. In support of this contention, the employer/insurer points to the correspondence it sent to each of the claimant's medical providers, requesting that the bills be resubmitted with the correct codes and reports. Because no codes or reports were received, the bills were not paid. At first glance, these procedural issues may appear to be "conditions over which the employer or insurer had no control"; however, the record indicates that the letters to the medical providers were not sent until January 7, 2008—a date that exceeded the sixty days for which the statute allows and a date that followed the judgment which ordered the enforcement of the agreement. Sending the correspondence at such a late date fits the description of "indifference and undesirable conduct" that the *Williams* court sought to discourage. *Id.*

Further, both parties acknowledged that a settlement was reached wherein the employer/insurer agreed to pay the medical expenses outlined in the letter sent by the claimant's attorney on July 24, 2007. The record reveals that the claimant's attorney made numerous attempts after the letter was sent to contact the employer/insurer in order to provide them with an opportunity to uphold the settlement and avoid the

3

assessment of penalties and attorney fees. With the expenses remaining unpaid and the treatment remaining unauthorized as of March 3, 2008, the workers' compensation judge did not err in imposing penalties and attorney fees for the unreasonable delay. Accordingly, this assignment of error lacks merit.

The employer/insurer also contends that the workers' compensation judge erred by not identifying which expenses and treatments the penalties and attorney fees concerned. It urges that the nonspecificity of the ruling could lead to the claimant later seeking more penalties and attorney fees for nonpayment of expenses that may have already been accounted for in the judgment. Because a written settlement letter outlines the "medical visits not paid and/or not approved" and because the workers' compensation judge references the settlement letter, we find that the July 24, 2007 letter, detailing the unpaid expenses and unauthorized treatments, suffices for purposes of identifying the subject of the penalties and attorney fees award. Further, as noted above, La.R.S. 23:1201(F) limits the amount of penalties imposed at a hearing to eight thousand dollars.

**DECREE**

We affirm the imposition of penalties and attorney fees. Costs are assessed to the defendants, Resource Transportation and National Loss Control Management Insurance Company.

**AFFIRMED.**

4