# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 11-285

DEVRA RENEE STOCKMAN

VERSUS

MEDICAL TECHNOLOGY, INC.

**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 09-08568
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

## PHYLLIS M. KEATY
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, J. David Painter, James T. Genovese, and Phyllis M. Keaty, Judges.

Amy, J., concurs in part, dissents in part, and assigns reasons.

### AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

Donald J. Anzelmo
Snellings, Breard, Sartor, Inabnett
& Trascher, L.L.P.
1503 North 19th Street
Monroe, Louisiana 71201
(318) 387-8000
Counsel for Defendant/Appellee:
     Medical Technology, Inc.

Chris J. Roy, Sr.
Chris J. Roy, Sr. Law Office, L.L.C.
1920 Jackson Street
Alexandria, Louisiana 71301
(318) 767-1114
Counsel for Plaintiff/Appellant:
     Devra Renee Stockman

**KEATY, Judge.**

In this workers' compensation case, the claimant filed a disputed claim for compensation, seeking authorization of a nerve block for diagnostic purposes, attorney fees, and penalties. After a hearing on the matter, the workers' compensation judge (WCJ) authorized the nerve block, but found the claimant's complaints were not related to the workplace accident and denied all requests for penalties and attorney fees. The claimant appeals, complaining that the WCJ decided issues not properly brought before him and that he erred in denying the claimant's request for penalties and attorney fees.

## FACTS AND PROCEDURAL HISTORY

The claimant, Devra Stockman (Stockman) was injured in a workplace accident on November 14, 2008. On October 9, 2009, Stockman filed a disputed claim for compensation, seeking authorization for a nerve block that had been recommended by her treating orthopedist, Dr. B. Todd Drury. Defendant, Medical Technology, Inc. (MTI), answered Stockman's petition on January 4, 2010. It did not file a reconventional demand. On July 21, 2010, Stockman filed a supplemental and amended petition seeking penalties and attorney fees in addition to the nerve block authorization. At trial, counsel for MTI indicated that it did not object to the supplemental petition.

A hearing on the issue took place on July 22, 2010. The WCJ took the matter under advisement and requested post-trial briefs from each party. On September 23, 2010, the WCJ issued his ruling orally. Those reasons were reduced to writing and signed by the WCJ on November 10, 2010. In his judgment, the WCJ found that Dr. Drury was Stockman's orthopedic physician of choice, that Stockman's cervical complaints were not related to the workplace accident, that Stockman was entitled to undergo the nerve block for diagnostic purposes, and that

all other issues, including Stockman's request for penalties and attorney fees were denied.

Stockman filed a motion for new trial on November 19, 2010, which was set for hearing. On December 22, 2010, the WCJ denied Stockman's motion for new trial. Stockman appealed. Two issues are now before us: whether the WCJ decided issues beyond those that had been properly pled and whether the WCJ erred in denying Stockman's claim for penalties and attorney fees.

For the following reasons we find that the WCJ decided issues that were not before him and was manifestly erroneous in declining to assess penalties. We award Stockman penalties in the amount of $2,000.00. We reverse the remainder of the judgment except for the portion granting the nerve block and addressing attorney fees; these issues are affirmed.

## DISCUSSION

The proposition that a judgment beyond the pleadings creates a nullity is a well-established legal principle in Louisiana law. An explanation of what constitutes "beyond the pleadings" was set forth by this court in *Domingue v. Bodin*, 08-62 (La.App. 3 Cir. 11/5/08), 996 So.2d 654. In *Domingue*, we stated:

> "[U]nder proper circumstances proof beyond the pleadings, even if objected to, may be admitted and considered when *permission to amend the pleadings is requested and granted.*" La.C.C.P. Art. 1154. (emphasis supplied). *Ussery v. Ussery,* 583 So.2d 838, 841 (La.App. 2 Cir.1991) (*citing Guillory v. Buller,* 398 So.2d 43 (La.App. 3 Cir.1981)). However, notwithstanding this authority, "nothing in the article [art. 862] is intended to confer jurisdiction on a court to decide a controversy which the parties have not regularly brought before it." *Id.* Otherwise, "[a] judgment beyond the pleadings is a nullity." *Id.* at 841, *citing Romero v. State Farm Fire & Casualty Co.,* 479 So.2d 694 (La.App. 3 Cir.1985).

*Domingue*, 996 So.2d at 657.

In the instant case, Stockman filed the initial complaint, seeking authorization for a nerve block. She was allowed to file a supplemental and

2

amended petition that added penalties and attorney fees to the original relief sought. MTI did not file a reconventional demand. Thus, the only issues before the WCJ were the authorization of the nerve block, penalties and attorney fees. For the reasons set forth in *Domingue*, we reverse the judgment insofar as it addresses issues other than the authorization, penalties, and attorney fees.

In her second assignment of error, Stockman alleges that the WCJ erred in denying her claim for penalties and attorney fees. "The applicable standard of review in determining whether a defendant should be cast with penalties and attorney fees is the manifest error—clearly wrong standard." *Rutledge v. Resource Transp.*, 08-1149, p. 2 (La.App. 3 Cir. 3/4/09), 7 So.3d 794, 795 (quoting *Bennett v. Pilgrim's Pride*, 07-753, p. 10 (La.App. 3 Cir. 12/12/07), 972 So.2d 423, 429, *writ denied*, 08-103 (La. 3/7/08), 977 So.2d 907). It is well settled in Louisiana law that while workers' compensation benefits should be given broad interpretation, the punitive statutes should be interpreted strictly. *Williams v. Rush Masonry, Inc.,* 98-2271 (La. 6/29/99), 737 So.2d 41.

Louisiana Revised Statutes 23:1201governs the payment of benefits and any attorney fees or penalties associated therewith. Subsection E states that "[m]edical benefits payable under this Chapter shall be paid within sixty days after the employer or insurer receives written notice thereof." Subsection F of that statute mandates that a penalty be assessed when payment is not provided in accordance with the other subparts and allows for attorney fees to be assessed as well. An employer can escape the mandatory penalties only when it reasonably controverts the employee's claim. La.R.S. 23:1201(F)(2). This court has previously held that "[a] claim is reasonably controverted when the employer or insurer produces factual or medical information that reasonably counters the claimant's evidence." *Bourgeois v. Brown's Deli & Market, Inc.*, 09-290, p. 7 (La.App. 3 Cir. 10/14/09),

3

21 So.3d 1072, 1077 (citing *Davis v. Jones Baldwin Music Co.*, 27, 545 (La.App. 2 Cir. 11/1/95), 662 So.2d 803).

At trial, Stockman testified that her treating orthopedic physician, Dr. Drury, ordered that a diagnostic nerve block be performed in order to treat pain in her left arm that was caused by a pinched nerve in her cervical spine. Dr. Drury's notations state that he ordered the diagnostic nerve block because he believed the chronic pain in her shoulders stemmed from her initial workplace accident. MTI refused to approve the nerve block.

MTI did not offer testimony or evidence for denying the nerve block, other than Stockman's medical records, the records of a doctor who evaluated Stockman briefly, and the opinion of a physician who did not examine Stockman at all. After reviewing the medical records, the WCJ determined that Stockman had not "established by a preponderance of the evidence that any cervical problem she may have is causal related to the—to the incident that occurred on November 14 of 2008." The WCJ then granted the nerve block "so that a proper diagnosis can be made as to what may be the pain generator for the continuing complaints Ms. Stockman has with regard to her shoulder." The WCJ then declined to assess penalties and attorney fees because "there's a question in Ms. Stockman's case as to what the pain generator is."

In his reasoning, the WCJ declined to assess attorney fees or penalties,

because I don't find enough information contained in Dr. Drury's records, and I know that treating physicians opinions can have great weight, but there's nothing, there's nothing in the bare bones records of Dr. Drury to support his conclusion on the—in those records of October 26th, 2009. I do feel that this is direct related to the additional on-the-job-injury. There is no facts that he states that gives him that basis to make that conclusion.

As previously stated, although the decision to award attorney fees is discretionary, penalties are mandated by statute when the employer fails to approve

or pay a medical benefit, unless it can show that it reasonably controverted the employee's claim.

The WCJ's rationale in declining to assess penalties is manifestly erroneous. Instead of determining whether or not MTI reasonably controverted Stockman's claim for a nerve block, as required by Louisiana law, the WCJ instead focused on what Stockman had or had not proved. In doing so, the WCJ declined to award penalties. The failure to apply the "reasonably controverted" test was manifestly erroneous. Accordingly, we reverse the trial court's judgment on penalties and order MTI to pay penalties in the amount of $2,000.00 to Stockman in accordance with La.R.S. 23:1201(E) and (F)(2).

### DECREE

For the foregoing reasons, we affirm that portion of the judgment that grants the nerve block and denies attorney fees. We reverse the portion of the judgment concerning penalties and render judgment against Medical Technology, Inc., in the amount of $2,000.00 for statutorily mandated penalties. All other portions of the judgment are reversed. Costs are assessed against Medical Technology, Inc.

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

DEVRA RENEE STOCKMAN

VERSUS

MEDICAL TECHNOLOGY, INC.

AMY, J., concurring in part and dissenting in part.

I agree with the majority's reversal of those aspects of the underlying judgment that were not properly before the workers' compensation judge.

However, I respectfully dissent from the reversal of the denial of penalties. Although the workers' compensation judge did not discuss the denial of penalties and attorney fees in language squarely reflective of La.R.S. 23:1201(F), the reasons expressed reveal the determination that the matter was reasonably controverted. I find no manifest error in that determination nor in the ultimate denial of penalties and attorney fees. Accordingly, I would affirm the workers' compensation judge's ruling in that aspect.