847 So.2d 734 (2003)
CITGO PETROLEUM CORPORATION
v.
Lowell FRANTZ.
No. 03-0088.
Court of Appeal of Louisiana, Third Circuit.
June 4, 2003.
*735 John Rabalais, Covington, LA, for Defendant/Appellant Citgo Petroleum Corp.
Tina L. Wilson, Cox, Cox, Filo, Camel & Wilson, Lake Charles, LA, for Plaintiff/Appellee Lowell Frantz.
Court composed of ULYSSES GENE THIBODEAUX, JOHN D. SAUNDERS, and BILLY H. EZELL, Judges.
SAUNDERS, J.
The defendant, Citgo Petroleum Corporation (hereinafter "Citgo"), appeals a ruling of the workers' compensation court finding that it failed to meet its burden of proving a violation of La.R.S. 23:1208 by the plaintiff, Lowell Frantz, and awarding the plaintiff payment and/or reimbursement for medical expenses, as well as temporary total disability benefits. We affirm.

FACTS
On or about April 28, 2000, Lowell Frantz suffered injuries to his right shoulder and right knee while in the course and scope of his employment as a machinist with Citgo. Mr. Frantz alleges that these injuries occurred when he fell after catching his foot underneath a pump protruding from the ground. The parties stipulated that Mr. Frantz's average weekly wage was $1,062.29, and that his weekly compensation rate was $384.00. Mr. Frantz was also involved in a motor vehicle accident on July 2, 2000. The parties dispute the extent of Mr. Frantz's injuries resulting from this auto accident. Mr. Frantz claims that he injured his shoulder in the auto accident and struck his head, which resulted in a brief loss of consciousness. He maintains that he did not injure his knee in this auto accident, or even exacerbate the existing work related knee injury for which he is seeking compensation benefits. Citgo claims that Mr. Frantz struck his knee on the dashboard of his vehicle in the auto accident and is concealing this for the purpose of obtaining workers' compensation benefits.
On August 7, 2001, Citgo's workers' compensation insurer filed a disputed claim for compensation. In this claim, it is alleged that Mr. Frantz's benefits were terminated at that time because he failed to report to Citgo, or its workers' compensation carrier, that he had settled his claim arising out of the automobile accident, in violation of La.R.S. 23:1102. Mr. Frantz asserts that, on May 23, 2002, he exercised his rights under the "buy-back" provision of La.R.S. 23:1102 by issuing a check to the compensation carrier for one-half the amount of the settlement from the automobile accident. According to Mr. Frantz, his workers' compensation benefits should have been reinstated at that point, however, Citgo failed to reinstate benefits. Citgo claims that Mr. Frantz injured his knee in the July 2, 2000 motor vehicle accident and that his repeated denials of this constitute a violation of La.R.S. 23:1208(A), requiring a forfeiture of all workers' compensation benefits under La.R.S. 23:1208(E).
After a hearing on the merits on October 24, 2002, the workers' compensation judge ("WCJ") found in favor of the claimant, Lowell Frantz, and against Citgo Petroleum. Specifically, the hearing officer found that Citgo did not meet its burden of proving a violation of La.R.S. 23:1208 by Mr. Frantz. In her judgment, dated November 4, 2002, the hearing officer ordered Citgo to pay and/or reimburse Mr. Frantz for all medical treatment related to the work accident, including but not limited to a total knee replacement, and to pay temporary and total disability benefits from May 23, 2002, to the present and continuing.
The WCJ did not provide written reasons for her ruling. However, she did *736 provide an oral explanation of her ruling at the conclusion of the trial on the merits. In that oral statement, the WCJ stated:
There is conflicting testimony between Mr. Frantz and the physical therapist, Mr. Worley, as to whether or not Mr. Frantz hit his knee on the dashboard of his vehicle in the motor vehicle accident. Regardless of whether Mr, Frantz hit the dashboard, Mr. Worley, the physical therapist testified by deposition that he believed Mr. Frantz did not injure his knee in the motor vehicle accident because in a few days it seemed to return back to where it was prior to the motor vehicle accident. This was set forth in Mr. Worley's deposition at Page 19, Line 22. The Court finds that the evidence is evenly balanced and while the Court may not accept all of the testimony as true, this court does not believe the evidence is strong enough to support a finding of 1208 fraud. There is contradictory testimony between the court-appointed IME and the employer's choice of physician. Giving significant weight to the court appointed independent medical examiner, the Court finds that the claimant is entitled to additional knee surgery.
Citgo presents the following issues on appeal:
1) The trial court committed legal error by not finding that Claimant's numerous false statements in his deposition, medical reports and trial testimony constituted willful misrepresentation in violation of La. R.S. 23:1208.
2) The trial court committed legal error by not ordering forfeiture of workers' compensation benefits as a result of a violation of the provisions of La.R.S. 23:1208.

LAW AND ARGUMENT
Citgo brings this action seeking a forfeiture of Mr. Frantz's workers' compensation benefits based on an alleged violation of La.R.S. 23:1208. Section 1208 provides in pertinent part:
A. It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.
E. Any employee violating this Section shall, upon determination by workers' compensation judge, forfeit any right to compensation benefits under this Chapter.
Citgo contends that the WCJ's judgment constitutes legal error and, therefore, is not entitled to deference by this court on review. The standard of review for questions of law is presented in Conagra Poultry Co. v. Collingsworth, 30,155, p. 2 (La.App. 2 Cir. 1/21/98), 705 So.2d 1280, 1281-82.
Appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. Cangelosi v. Allstate Ins. Co., 96,0159 (La.App. 1 st Cir. 9/27/96), 680 So.2d 1358, writ denied 96-2586 (La.12/13/96), 692 So.2d 375; National Tea Co. v. Plymouth Rubber Co., 95,254 (La.App. 5 th Cir. 10/18/95), 663 So.2d 801 citing Phoenix Assur. Co. v. Shell Oil Co., 611 So.2d 709 (La.App. 4 th Cir.1992). If the trial court's decision was based on its erroneous interpretation or application of law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court. Roberts v. Cox, 28,094 (La.App.2d Cir. 2/28/96), 669 So.2d 633; Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983).
Citgo claims that the WCJ committed legal error in basing her judgment on an *737 additional test not required by the statute. As a basis for this statement, Citgo contends that the WCJ's ruling is based on statements by Mr. Worley indicating that, even if Mr. Frantz had hit his knee on the dashboard during the auto accident, it caused no permanent injury as his knee returned to its pre-accident condition within a few days. Citgo argues that section 1208 does not require a finding that a condition was substantially worsened by the undisclosed injury.
As we will discuss below, we find that the WCJ did not commit legal error in this matter. The oral reasons given by the WCJ for her ruling are quoted above and we find no mistake of law in the rationale she presents for her judgment. Additionally, however, Citgo argues that the WCJ committed manifest error by finding that not all testimony was truthful, yet failing to find a violation of La.R.S. 23:1208. If we review the WCJ's ruling as a mixed question of fact and law, the standard of review on appeal is a manifest error standard of review with deference granted to the ruling of the trial court.
In Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840, pp. 7-8 (La.7/1/97), 696 So.2d 551, 556 (alteration in original), the supreme court clearly set out the standard of review for factual findings in workers' compensation matters as follows:
Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of review. Smith v. Louisiana Dep't of Corrections, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132; Freeman v. Poulon/Weed Eater, 93-1530, pp. 4-5 (La.1/14/94), 630 So.2d 733, 737-38. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Freeman, 93-1530 at p. 5, 630 So.2d at 737-38; Stobart v. State, 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 882. Thus, "if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La. 1990).
The supreme court has noted that determinations by hearing officers regarding credibility or truthfulness are more properly determined at the trial level than by a court of appeal. In Rosell v. ESCO, 549 So.2d 840, 844 (La.1989) (citations omitted), the supreme court stated:
When findings are based on determinations regarding the credibility of witnesses, the manifest errorclearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said.
Based upon the standard provided above, we must turn to a discussion of section 1208 and the analysis of claims of fraud under the statute to determine whether the WCJ's ruling constitutes manifest error or is clearly wrong. In Resweber v. Haroil Const. Co., 94-2708, p. 7 (La.9/5/95), 660 So.2d 7, 12, the supreme court set forth a three-part test for finding a forfeiture of benefits under La.R.S. 23:1208:

*738 Section 1208 is clear and unambiguous and as such will be applied as written. La.Civ.Code art. 9; La.R.S. 1:4. Section 1208 clearly applies to any willful false statements or representations made "for the purpose of obtaining or defeating any benefit or payment." Section 1208 has no language limiting it to only certain types of false statements, i.e., statements other than those relating to prior injuries. The legislature has imposed no notice requirement in Section 1208, apparently being of the opinion that any claimant should be on notice that false statements made willfully for the purpose of obtaining workers' compensation benefits will not be tolerated and will result in the forfeiture of those benefits. The only requirements for forfeiture of benefits under Section 1208 are that (1) there is a false statement or representation, (2) it is willfully made, and (3) it is made for the purpose of obtaining or defeating any benefit or payment.
In further clarification of these criteria, the court went on to state that:
[T]he statute does not require the forfeiture of benefits for any false statement, but rather only false statements that are willfully made for the purpose of obtaining benefits. It is evident that the relationship between the false statement and the pending claim will be probative in determining whether the statement was made willfully for the purpose of obtaining benefits. A false statement which is inconsequential to the present claim may indicate that the statement was not willfully made for the purpose of obtaining benefits. Clearly, an inadvertent and inconsequential false statement would not result in forfeiture of benefits.
Id. at p. 16, 660 So.2d at 17 (second emphasis added).
In her oral reasons for judgement, presented at the conclusion of the October 24, 2002 hearing, the WCJ noted that there was conflicting testimony between Mr. Frantz and his physical therapist, Mr. Worley. Instances of discrepancy in testimony, and the necessary credibility determinations resulting from such discrepancies, are precisely the kind of determinations that the supreme court found entitled to great deference by an appellate court on review.
Mr. Worley's allegation that Mr. Frantz admitted to striking his knee on the dashboard of his vehicle in the automobile accident is completely uncorroborated. The WCJ cannot be said to have committed manifest error in choosing to credit Mr. Frantz's testimony in such an instance. The WCJ stated that she found the evidence evenly balanced, and while she admitted that she did not accept all the testimony as true, she did not specifically indicate which party's testimony she found lacking. The WCJ did make specific reference to the contradictory testimony between the court-appointed IME and the employer's choice of physician, and she gave great weight to the testimony of the court-appointed IME. It is well within the WCJ's much discretion to make such a determination.
Additionally, even were the WCJ to specifically state that she found Mr. Frantz's testimony untruthful, the necessary inquiry does not stop with the recognition of that untruth. The Resweber test for a finding of 1208 fraud requires that all three elements of the test be satisfied. In addition to a finding that there has been a false statement or representation, it must have been willfully made and made for the purpose of obtaining benefits. The WCJ clearly indicated that she was aware of the Resweber test and its requirements by reciting them in her reasons for judgment at *739 the hearing. She stated that, in her opinion, not all parts of this test were satisfied.
The WCJ concluded that, even if Mr. Frantz's testimony were false, there was insufficient evidence to meet the remaining criteria for a finding of 1208 fraud. In light of the fact that Mr. Frantz apparently sustained a head injury significant enough to cause a brief loss of consciousness during the auto accident, it is understandable that his recollection of the motor vehicle accident, and any resulting injuries, would be less than clear. Therefore, inconsistencies in his early accounts of accident related injuries, such as those to Mr. Worley, could have been the result of remaining confusion as those alleged statements to Mr. Worley occurred the day following the accident. In light of the above considerations, WCJ was not manifestly erroneous in her finding that Mr. Frantz's alleged inconsistent statements regarding his injuries lack the willfulness required to support an allegation of 1208 fraud. For the reasons stated above, we find that the WCJ's oral reasons for judgement represent no manifest error in her evaluation of the testimony and evidence presented at trial.
Because there is no finding of 1208 fraud, Mr. Frantz did not forfeit his right to compensation benefits under La.R.S. 23:1208(E).

DECREE
For the foregoing reasons, we affirm the ruling of the WCJ in its entirety. We assign all costs of this appeal to Citgo.
AFFIRMED.