STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-62

KENNETH JAMES DOMINGUE

VERSUS

PAMELA RUTH BODIN

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20071862
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.

AMY, J., CONCURS IN THE RESULT.

REVERSED.

Frank Edward Barber
116 Field Street
New Iberia, LA 70560
Telephone: (337) 256-8370
COUNSEL FOR:
    Plaintiff/Appellant - Kenneth James Domingue

Pamela Ruth Bodin
In Proper Person
326 Guilbeau Road, Apt. 126
Lafayette, LA 70506
Telephone: (337) 654-0847

**THIBODEAUX, Chief Judge.**

In this divorce case, the husband, Kenneth James Domingue, appeals the trial court's judgment requiring him to pay a car note and car insurance on behalf of his wife, Pamela Ruth Bodin. These expenses, he claims, constitute interim spousal support, and issues of interim spousal support were not pled by either of the parties involved. We reverse. The trial court's judgment went beyond the pleadings and without proper notice to Mr. Domingue.

I.

**ISSUE**

We shall determine whether the trial court erred in ordering interim spousal support that was not pled by any of the parties.

II.

**FACTS**

Mr. Domingue and Ms. Bodin were married on December 3, 1994. Of their marriage, only one child, Jacob James Domingue, was born. After more than a year of living separately, Mr. Domingue filed a Petition for Divorce and Determination of Incidental Matters. As it is customary in divorce proceedings, the trial judge ordered the parties to participate in a Hearing Officer Conference. Pursuant thereto, the hearing officer issued findings of fact and recommendations concerning: support, child support, policy of health and hospitalization on Jacob, tax dependency exception on behalf of Mr. Domingue, a preliminary injunction against both Mr. Domingue and Ms. Bodin, and equal division of court costs.

Mr. Domingue filed exceptions to the hearing officer's recommendations. After a hearing, the trial court rendered judgment adopting the recommendations contained in the Hearing Officer Conference Report.

On appeal, Mr. Domingue argues that the trial court committed error in adopting the recommendations of the hearing officer. Mr. Domingue asserts that the hearing officer made factual determinations of issues that were not raised in the pleadings filed by either party. Specifically, Mr. Domingue challenges the hearing officer's recommendation requiring him to pay the car note and car insurance on behalf of Ms. Bodin. Mr. Domingue avers these expenses constitute interim spousal support, and issues of interim spousal support were never pled. Furthermore, Mr. Domingue contends that even if the appellate court finds that these expenses were correctly pled and properly adopted by the trial court, he lacks the funds to pay for such.

III.

## LAW AND DISCUSSION

### Standard of Review

This case poses a question of law; accordingly, the appropriate standard of review is de novo. An

> [a]ppellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect." If the trial court's decision was based on its erroneous interpretation or application of the law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court.

*Citgo Petroleum Corp. v. Frantz*, 03-88, p. 3-4 (La.App. 3 Cir. 6/4/03), 847 So.2d 734, 736, *writ denied*, 03-1911 (La. 10/31/03), 857 So.2d 484 (citations omitted).

Furthermore, under the de novo standard of review, the appellate court assigns no special weight to the trial court and, instead, conducts a de novo review of questions of law and renders judgment on the record. *Roberts v. Hartford Fire Ins. Co.*, 05-1178 (La.App. 3 Cir. 4/5/06), 926 So.2d 121, *writ denied*, 06-1056 (La.

2

6/23/06), 930 So.2d 984. Accordingly, we will review the record in its entirety to determine whether the trial court's decision was legally correct in light of the evidence.

**Improper Unilateral Expansion of the
Pleadings By the Trial Court**

Mr. Domingue contends that the trial court committed error in adopting the recommendations made by the hearing officer regarding interim spousal support because this issue was not pled by either party.

Pursuant to La.Code Civ.P. art. 191 "[a] court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law." From that grant of power, trial courts are vested with authority, under La.Code Civ.P. art. 862 to grant relief to the party in whose favor the final judgment rendered was entitled, even if the party has not demanded such a relief in his pleadings and the latter contain no prayer for general and equitable relief. Accordingly, "under proper circumstances proof beyond the pleadings, even if objected to, may be admitted and considered when *permission to amend the pleadings is requested and granted*. La.C.C.P. Art. 1154. (emphasis supplied). *Ussery v. Ussery*, 583 So.2d 838, 841 (La.App. 2 Cir. 1991) (*citing Guillory v. Buller*, 398 So.2d 43 (La.App. 3 Cir. 1981)). However, notwithstanding this authority, "nothing in the article [art. 862] is intended to confer jurisdiction on a court to decide a controversy which the parties have not regularly brought before it." *Id.* Otherwise, "[a] judgment beyond the pleadings is a nullity." *Id.* at 841, *citing Romero v. State Farm Fire &Casualty Co.*, 479 So.2d 694 (La.App. 3 Cir. 1985).

In this case, it is evident that neither party requested nor was granted permission to amend the pleadings to request interim spousal support. The record

3

lacks evidence of such a request. Yet, the trial court went beyond the scope of the pleadings to unilaterally expand it to award Ms. Bodin interim spousal support, which is clearly "a controversy which the parties have not regularly brought before it." *Ussery*, 583 So.2d at 841. Under the facts of this case, the trial court exceeded its authority by entertaining a claim that was never presented before it.

**Due Process of Law Violation**

Pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and the Louisiana Constitution, Article 1, Section 2, a person cannot be deprived of life, liberty, or property without due process of law. "Very generally, due process requires some kind of hearing and notice thereof." *Fields v. State, Dep't of Pub. Safety & Corr.*, 98-611, p. 7 (La. 7/8/98), 714 So.2d 1244, 1250. The requirement of a hearing before a final action can be reached stems from the principle that all persons are entitled to their "day in court." *Parker v. Bd. of Barber Examiners*, 84 So.2d 80 (La.App. 1 Cir. 1955). Likewise, the requirement of a reasonably calculated notice under all the circumstances is an elementary and fundamental requirement of due process to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. *Fields*, 714 So.2d 1244.

> In entertaining claims of a possible violation of due process of law,
>
> the Unites States Supreme Court set forth three factors to be weighed when determining the specific dictates required by due process: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

4

*Id.* (*citing Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

Under the preceding analysis, Mr. Domingue's right to due process of law was violated. Under *Eldridge*, the first step in the balancing process is the identification of the private interest affected. Here, the private interest affected is Mr. Domingue's monetary interest as he is being compelled by the trial court to pay the car note and car insurance on behalf of Ms. Bodin.

The second step requires consideration of the risk of an erroneous deprivation of such interest through the procedures used. Under the circumstances of this case, there is a risk of an erroneous deprivation of Mr. Domingue's monetary interest because of the lack of procedural due process. We agree with Mr. Domingue that the obligation of paying the car note and car insurance on behalf of Ms. Bodin during the pendency of the divorce proceeding constitutes interim spousal support and, as Mr. Domingue accurately pointed out, neither of the parties pled for interim spousal support. Thus, it is evident that Mr. Domingue did not receive proper notice apprising him of Ms. Bodin's request for interim spousal support. Rather, Mr. Domingue was first made aware of his obligation to pay for these expenses through the trial court's judgment where the trial court adopted the recommendations made by the hearing officer. Yet, the hearing officer's recommendations, suggesting that Mr. Domingue should be the party responsible for the payment on the car note and car insurance, are not supported by the record because they do not contain a copy of Ms. Bodin's request for interim spousal support. Accordingly, the hearing officer went beyond the pleadings. Furthermore, in wholly conclusory fashion, the Hearing Officer Conference Order refers back to the trial court judgment by adding the language: "in addition to and in conjunction to the April 16, 2007 order" signed by the trial judge. However, neither the trial court judgment nor the Hearing Officer

5

Conference Order make explicit reference to interim spousal support. To the contrary, the Hearing Officer Conference Order only addressed: support, child support, policy of health and hospitalization on Jacob, tax dependency exception on behalf of Mr. Domingue, a preliminary injunction against both, Mr. Domingue and Ms. Bodin, and equal division of court costs. Therefore, Mr. Domingue never received notice regarding the claims pending against him. Without proper notice, he was deprived of presenting an objection to these claims.

The third and last step in the balancing process is the government's interest, that includes the function and fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Here, it is undisputed that the government has a substantial interest in making sure that the person left in a necessitous financial condition in a divorce proceeding is taken care of financially during the pendency of the proceeding. However, this interest has to be balanced vis-a-vis the private interests and rights of the parties involved.

In this case, Mr. Domingue's right to due process of law was violated by the lack of procedural safeguards afforded to him, such as a reasonable notice. Although we are not disregarding the possibility of the administrative and financial burdens that notifying Mr. Domingue of Ms. Bodin's request may pose upon the trial court, these burdens are minimal compared to the private interest involved here. On the whole, "[t]he Due Process Clause is intended to curb governmental abuse of power over the people it governs . . ." *Saenz v. Heldenfels Bros., Inc.*, 98-40902, 183 F.3d 389, 391 (5th Cir. 1999) (citation omitted). Here, it is readily evident that the trial court overreached its authority by exposing Mr. Domingue to the possible deprivation of his monetary interest without due process of law by requiring Mr. Domingue to pay the car note and car insurance for Ms. Bodin by neither notifying

6

him of such request nor providing him with his day in court by affording him a hearing in which he could voice his objections.

## IV.

## <u>CONCLUSION</u>

For the foregoing reasons, we find that the trial court exceeded its authority by considering issues beyond the pleadings. The trial court also violated Mr. Domingue's right to due process of law by not giving him reasonable notice, apprising him of Ms. Bodin's request for interim spousal support. Accordingly, we reverse the judgement of the trial court.

**REVERSED.**