# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 10 -283

**MARCIA F. YOUNG**
        Appellant

**VERSUS**

**BOBBY JINDAL AS GOVERNOR OF STATE OF
LOUISIANA, JAY DARDENNE AS SECRETARY OF STATE
OF LOUISIANA, AND JOANELL WILSON AS REGISTRAR
OF VOTERS OF RAPIDES PARISH, LOUISIANA**
        Appellees

\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 237,270
HONORABLE GEORGE C. METOYER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Judges Elizabeth A. Pickett, J. David Painter, and James T. Genovese.

\*\*\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## REVERSED

Mr. H. Brenner Sadler
and Mr. Albin A. Provosty
P.O. Box 1791
Alexandria, LA 71309-1791
318-445-3631
COUNSEL FOR APPELLANT:
    Marcia F. Young

**Mr. William Bryant**
**P.O. Box 94005**
**Baton Rouge, LA 70804**
**225-326-6000**
**COUNSEL FOR DEFENDANT:**
    **Bobby Jindal, Governor**
    **and Joanell Wilson, Registrar of Voters**

**Mr. William E. Crawford, Jr.**
**And Benjamin H. Dampf**
**P.O. Box 94125**
**Baton Rouge, LA 70804**
**225-287-7477**
**COUNSEL FOR DEFENDANT:**
    **Jay Dardenne, Secretary of State**

PAINTER, Judge.

Marcia Young, Mayor of the Village of Forest Hill (Village), Louisiana contests a recall petition filed by Donna Kay Arrington, Chairman of the recall committee. Specifically, Ms. Young challenges the validation of the recall petition by the Rapides Parish Registrar of Voters (Registrar). The trial court held that the validation of the recall petition stands and that the recall election shall proceed as scheduled. Ms. Young appeals the decision of the trial court. For the following reasons, we reverse the decision of the trial court and render the recall petition invalid.

## I.

## ISSUE

We must decide whether the trial court:

(1) erred by not invalidating the recall petition because the Chairman of the recall committee did not file a three day notice of intent to file as required by La.R.S. 18:1300.2?

(2) erred by not invalidating the recall petition despite allegations that the signatures of eleven individuals who signed the petition were not qualified electors?[1]

## II.

## FACTS AND PROCEDURAL HISTORY

On December 10, 2009, Ms. Arrington filed a recall petition with the office of the Secretary of State requesting a recall election against Ms. Young. Later that month, Ms. Arrington filed the original recall petition with the Registrar of voters in Rapides Parish. Amendments to the original recall petition were filed on January 4, 2010, and January 7, 2010.

---

[1] Though not specifically defined by La.R.S. 18:1300.3, a reading of La.R.S. 18:101(A) and relevant jurisprudence leads to the following definition of a qualified elector: A qualified elector is one who (a) has registered himself to vote in a state, parish, or municipality and (b) resides in that state, parish, municipality or area.

After receiving the recall petition, Ms. Young objected to twelve of the signatures on the recall petition, and she advised the Registrar that these individuals did not live in the Village limits. Ms. Young asked the Registrar to remove the twelve signatures from the recall petition.

The Registrar investigated Ms. Young's claims, and she determined that three of the challenged names were of persons who lived inside the Village limits.[2] Ms. Young concurred with the Registrar's findings. The Registrar also determined, however, based on her own records and the records of the Assessor, that nine of the challenged individuals did not live within the Village limits. The Registrar sent Challenge Letters to each of these nine individuals.

The Registrar then certified the recall petition and forwarded it to the Governor. The Registrar's certification authorized that the signatures of the Challenged Parties were signatures of qualified electors.[3]

The Registrar further certified that the recall petition contained the signatures of 138 qualified electors of the voting area. The Registrar also certified that the area in which the recall election was sought to be held had 329 electors.

The recall petition was forwarded to the Governor on January 8, 2010, then to the Attorney General for review. Because the number of signatures of qualified electors exceeded the number required, the Governor issued a Proclamation

_____

[2] Prior to commencing her investigation, the Registrar advised Ms. Young that she could not remove the challenged individuals' signatures before she sent each challenged individual a "Challenge Letter," advising them that their residency had been challenged. If twenty-one days elapsed after the Challenge Letter was sent out, and if the challenged person did not file an objection or defense with the Registrar, the challenged person's name would be stricken from the recall petition.

[3] Pursuant to the deadlines set out by statute, the fifteen day period for the Registrar to certify the recall petition and forward it to the Governor would expire before the twenty-one day challenge period expired with respect to the Challenged Parties. Thus, the Registrar certified the petition and forwarded it to the Governor, even though the petition included the signatures of Challenged Parties. We find it troubling that such inconsistencies in the statutes exist.

calling for a recall election to be held on May 1, 2010.[4]

The trial court held a trial on the merits of this action on March 3, 2010. The trial court determined that the recall petition was valid and that the recall election should proceed. The trial court did not given written reasons for judgment, but it assigned oral reasons as follows:

> Taking into consideration the entire suit record, all exhibits admitted into evidence, the testimony of all the witnesses and the arguments of counsel,
>
> The court notes that the information used by the Registrar of Voters is the same information that was used to determine if the election of a candidate was valid and legal. Therefore, the validation of a recall petition should entail the same information that would have been taken to validate a candidate for an office.
>
> With that said, the validation of the recall petition stands and the election will proceed as scheduled.

Ms. Young now appeals that judgment.

III.

## LAW AND DISCUSSION

### Standard of Review

This case poses mixed questions of law and fact. It poses questions of law as it involves the interpretation of codal articles. Thus, the appropriate standard of review regarding interpretation of codal articles is de novo.

> An appellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. If the trial court's decision was based on its erroneous interpretation or application of the law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court.

*Domingue v. Bodin*, 2008-62, p.2 (La.App. 3 Cir. 11/5/08), 996 So.2d 654, 657

---

[4] A valid recall petition must contain the signatures of at least 40% of the electors in the voting area. In the Village of Forest Hill, that number equates to 132 signatures. The certified recall petition contained 138 signatures.

(citations omitted).

Moreover, under the de novo standard of review, the appellate court gives no additional weight to the trial court but, instead, conducts a de novo review and renders judgment on the record. *Id.* Accordingly, we will review the record in its entirety to determine whether the trial court's decision was legally correct.

As to questions of fact, we review the trial court's judgment for manifest error.

> [A] court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.

*Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989) (citations omitted).

**The Notice Provision**

The recall petition is invalid because the Chairman of the recall committee, Ms. Arrington, failed to file a three-day notice of intent to file as required by La.R.S. 18:1300.2C(3). This statute states:

> The chairman *shall* file notice with the registrar on the third day before the petition is submitted to the registrar that he will submit the petition and the date of such submission, unless such submission is made within three days prior to the expiration of the period for submitting such petition. Such notice of submission shall be a public record.

La.R.S. 18:300.2C(3) (emphasis added).

Here, the Registrar stated that Ms. Arrington called the Registrar and alerted her of Ms. Arrington's intent to file a recall petition. The Governor and the Registrar argue that this phone call provided adequate "notice" under the statute. We disagree. The words of the statute are clear and unambiguous. The Chairman must

4

*file* a notice with the Registrar and that notice shall be a public record. A phone call does not equate to filing a public notice. To allow a phone call to suffice as notice would amount to disregarding the public notice requirement entirely. We cannot do so. Thus, we find that the recall petition is invalid due to Ms. Arrington's failure to comply with the statute requiring the filing of a three-day notice of intent to file a recall petition with the Registrar.

## The Challenged Signatures

Even if a phone call to the Registrar could be deemed adequate notice under the statute, the recall petition remains invalid because it lacks the required number of signatures. Specifically, seven signatures must be stricken from the recall petition because the signatories listed as their residences addresses located outside the boundaries of the Village of Forest Hill.[5] Thus, these seven individuals are not qualified electors.

Ms. Young challenges the following individuals' signatures, claiming the individuals, by their own admissions, were not residents of the Village and, therefore, were not qualified electors: Terry Lovas, Angela Humphries Lovas, Randall Martin Johnson, Brittany Eclana Johnson, Kristopher Johnson, Lisa Moore Johnson, and Roger Allen Humphries. Ms. Young points to testimony from expert surveyor Stephen Gremillion and City Clerk Mary Pringle establishing that the addresses of these individuals lie outside the boundaries of the Village of Forest Hill. Moreover, as to each of these seven challenged individuals, the Registrar stated that had she known the information presented by Mr. Gremillion and Ms. Pringle, she would not have certified each of the seven signatures.

---

[5] Because we find that these seven individuals are not qualified electors, then the number of valid signatures on the recall petition totals 131 – one elector short of the 132 valid signatures required. Since this subtraction of signatures invalidates the recall petition, we need not reach Ms. Young's other arguments regarding the four other Challenged Parties.

5

The evidence presented leaves no doubt that the seven persons named above are not residents of the Village of Forest Hill, which is a primary requirement of being a qualified elector.  Each individual admitted that he was not a resident of the Village by (a) listing his residence at an address that is located outside the Village limits and by (b) failing to contest the Challenge Letter sent by the Registrar.  The evidence is clear and uncontested.  Indeed, neither the Governor, the Secretary of State, nor the Registrar contests the evidence regarding these seven individuals.

Thus, the seven individuals listed above are not qualified electors, and their names must be stricken from the recall petition, rendering it invalid.

## IV.  CONCLUSION

Based upon the foregoing, we reverse the judgment of the trial court.  Costs of this appeal are assessed to Appellees.

**REVERSED.**