STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-170

HENRY DANIEL RACHAL
AND SHARON TYLER RACHAL

VERSUS

VALRIE BRASHER RACHAL

************

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 81,529
HONORABLE DEE A. HAWTHORNE, DISTRICT JUDGE

************

DAVID E. CHATELAIN*
JUDGE

************

Court composed of Sylvia R. Cooks, J. David Painter, and David E. Chatelain,
Judges.

**REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.**

**Jared Dunahoe**
**Dunahoe Law Firm**
**Post Office Box 607**
**Natchitoches, Louisiana  71457**
**(318) 352-1999**
**Counsel for Plaintiffs/Appellees:**
     **Henry Daniel Rachal**
     **Sharon Tyler Rachal**

---

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

**Marvin F. Gahagan**
**Gahagan & Gahagan**
**Post Office Box 70**
**Natchitoches, Louisiana  71457**
**(318) 352-2827**
**Counsel for Plaintiffs/Appellees:**
     **Henry Daniel Rachal**
     **Sharon Tyler Rachal**

**John S. Evans**
**Attorney at Law**
**Post Office Box 321**
**Stonewall, Louisiana  71078**
**(318) 925-0860**
**Counsel for Defendant/Appellant:**
     **Valrie Brasher Rachal**

**Gary V. Evans**
**Attorney at Law**
**307 Gibbs Street**
**Mansfield, Louisiana  71052**
**(318) 872-2545**
**Counsel for Defendant/Appellant:**
     **Valrie Brasher Rachal**

**CHATELAIN, Judge.**

This litigation is between the plaintiffs, spouses Henry Daniel Rachal (Dan) and Sharon Tyler Rachal (Sharon), and the defendant, Valrie Brasher Rachal (Valrie), the widow of Dan's father, Henry Audry Rachal (Henry Sr.). Valrie appeals from a judgment determining the ownership of various movable property; ordering her to return to the family home certain movable property; ordering her to refrain from removing or encumbering any of the remaining movables from the family property; ordering her to allow the plaintiffs access to the family home for a physical inspection of the home and an inventory of its contents; and granting the plaintiffs free access to the family property, without interference from her, during the pendency of these proceedings. For the following reasons, we reverse in part, affirm in part, and remand.

## FACTS AND PROCEDURAL HISTORY

Henry Sr. and Valrie were married in 1974. Henry Sr. executed a cash sale deed[1] on May 3, 2000, in favor of Dan and Sharon conveying a tract of land and a home (the family home)[2] located in Natchitoches Parish, Louisiana, for consideration of $4,000, reserving for himself and Valrie a lifetime usufruct. The deed provided that the usufruct would terminate upon the death of the last survivor of either Henry Sr. or Valrie. Henry Sr. died on May 4, 2004.

The plaintiffs filed this suit on July 18, 2008, seeking a preliminary injunction, and later a permanent injunction, ordering Valrie to return all movables that she had allegedly removed from the property and to prevent her from removing any additional

---

[1]The cash sale deed with reservation of usufruct is attached to the petition as Exhibit A.

[2]This immovable property had been in the Rachal family for several generations and was Henry Sr.'s separate property.

1

movables from the property. They sought termination of Valrie's usufruct, alleging that she had "abused the enjoyment of the usufruct by neglecting the maintenance and ordinary repairs of the immovable property" and that she had failed to provide them with proof of insurance coverage for the property, in violation of the provisions of the cash sale deed and contrary to various Louisiana Civil Code articles. The plaintiffs further requested that Valrie be ordered to make all necessary ordinary repairs to the property, including the home and buildings thereon, and to restore it to the condition that it was in at the time the plaintiffs purchased the property.[3]

Valrie responded to the petition by filing exceptions of improper cumulation of actions, lack of procedural capacity, vagueness or ambiguity, and nonjoinder of indispensable parties. The plaintiffs opposed the exceptions. Following a hearing, the trial court granted the exception of improper cumulation of actions and ordered separate trials of plaintiffs' two claims, "one to address the summary proceeding regarding the injunction as to the movable property and the other to address the ordinary proceeding to terminate the usufruct of the immovable property."

The ground for the exception of lack of procedural capacity was that the plaintiffs had not specified the basis of their right to bring an action regarding the movables referred to in the petition. The trial court declined to rule on the exception, noting that the parties had addressed the ownership of the movables in their memoranda, not their pleadings.

The basis of Valrie's exception of vagueness or ambiguity was that the petition failed to identify the children and/or heirs of Henry Sr. and that plaintiffs failed to

_____

[3]The plaintiffs attached to their petition an estimate, which they marked as Exhibit B, detailing the time, labor, and materials needed to make the necessary repairs to the property, the cost of which totaled $16,338.92.

2

specify their alleged ownership interest in the movables and how they obtained that interest. The trial court granted the exception but on different grounds than those Valrie argued. The trial court found that the petition was vague concerning the movable property at issue, pointing out that there were discrepancies between the items listed in the petition itself, in Exhibit C attached thereto, and in the order accompanying the petition. The trial court reiterated that, as written, the petition failed to allege the ownership of the movables at issue, thus preventing Valrie from properly responding to the pleading. The trial court rejected Valrie's claim that the petition was vague for its failure to list Henry Sr.'s heirs, noting that there were no allegations in the petition alleging that the movable property belonged to the unopened succession of Henry Sr., as suggested in memorandum, or that the movable property was subject to any usufruct.

Valrie's exception of nonjoinder of indispensable parties was based upon her argument that there may be other co-owners of the movables that needed to be joined for complete and equitable adjudication of the action. The trial court denied the exception based on La.Code Civ.P. art. 642, reasoning that Valrie had failed to address the potential harm that could be suffered by any persons not already joined in the action if the injunction were granted. Noting that the plaintiffs' request for injunction "merely asks for [Valrie] to cease and desist from removing additional movables and to return all movables that she has taken," the trial court stated that granting an injunction "appears to be the perfect solution so that all interested parties may determine the actual ownership and value" of the movables at issue. The plaintiffs were given thirty days to amend their petition with regard to the exceptions of lack of procedural capacity and vagueness or ambiguity. A written judgment

3

disposing of Valrie's exceptions was signed on January 28, 2009, along with written reasons for the trial court's rulings.

The plaintiffs filed a first amending and supplemental petition on February 26, 2009. Therein, they alleged that, prior to his death, Henry Sr. had "verbally" given Dan certain movable property before and after his (Henry Sr.'s) marriage to Valrie, which the plaintiffs listed in Amended Exhibit C. In addition, the plaintiffs listed several movables that they had jointly purchased and which had been stored on the property but were no longer there. Alternatively, the plaintiffs alleged that Dan was a legal heir of his father who would be entitled to one-sixth of one-half of the community movable property that his father owned even had his father not given him any specific movable property prior to his death.

The trial court revisited Valrie's exception of lack of procedural capacity as to the movable property after the amendment of plaintiffs' petition. In a judgment and written reasons signed on April 20, 2009, the trial court denied the exception, finding that as a result of the amendment, the petition now clearly identified the movable property at issue and the nature of the plaintiffs' alleged rights of ownership of that property, thus clearly demonstrating the plaintiffs' procedural capacity to proceed. The judgment contained a provision resetting the previously continued hearing on the plaintiffs' request for preliminary injunction to June 23, 2009.

The injunction hearing took place as scheduled. Both Dan and Sharon testified, following which the plaintiffs rested. Valrie also testified, as did her daughter, Bonnie Perkins. After the defendant rested, the trial court asked: "Okay[,] the purpose of our hearing today is . . . strictly the request for the preliminary injunction and for the return of the property[;] is that correct?" The transcript reveals

4

that counsel for the plaintiffs answered the trial court's question in the affirmative and counsel for the defendant remained silent. Thereafter, the trial court announced its rulings. First, it declared the following movables to be gifts to Dan from his father: two tractors plus their implements/attachments; a four wheeler; an aluminum house jack; three outboard motors; a wood planer; a drill press; a welding machine; and a revolver. Second, the trial court declared that Dan and Sharon owned three eight-foot folding tables, two antiques outboard motors, and various accessories relating to the four wheeler. The trial court ordered Valrie to immediately return those items to the family home to give to the plaintiffs. Next, the trial court declared that a Ford Mercury automobile, a Ford pick-up truck, five mud-grip tires, and two riding lawnmowers belonged to the estate of Henry Sr. The trial court ordered Valrie to refrain from removing any other movables, including the furniture, appliances, and hand tools, from the family home and to allow the plaintiffs access to the home to conduct an inventory of its contents. The trial court stated that the parties could come back at a later date following the inventory of the remaining movables should they disagree as to their disposition. Finally, the trial court stated that plaintiffs should not continue to have free access to the premises because Valrie had usufruct over it. A written judgment/order prepared by counsel for the plaintiffs was signed on July 23, 2009.

Valrie now appeals, asserting the following assignments of error: (1) the trial court committed legal error in determining ownership of property during a hearing on a rule to show cause why a preliminary injunction should not be granted; (2) the trial court committed legal and/or manifest error in conducting a hearing on the validity of manual gifts Henry Sr. allegedly made to his son, Dan, when testimony

5

established decedent had another surviving child and three grandchildren by a third predeceased son who had not been joined in the litigation; (3) the trial court committed legal and/or manifest error in finding that alleged gifts of separate property from Henry Sr. to Dan were valid manual gifts; and, (4) the trial court committed legal and/or manifest error in finding that alleged gifts of community property from Henry Sr. to Dan were valid manual gifts.[4]

**DISCUSSION**

In her first assignment of error, Valrie contends that the trial court committed legal error in determining the ownership of property during a hearing on the plaintiffs' request for a preliminary injunction. Citing *Betts v. Hoffman*, 07-1054 (La.App. 3 Cir. 1/30/08), 975 So.2d 200, she submits that the question of whether a donation is valid requires an ordinary proceeding, and thus, the trial court should not have determined the ownership of the movables allegedly donated to the plaintiffs by Dan's father during the summary proceeding concerning the plaintiffs' request for a preliminary injunction.

The plaintiffs disagree, arguing that Valrie waived any objection to the unauthorized use of a summary proceeding by failing to file an exception or lodge an objection at the hearing on the injunction. The plaintiffs contend that the trial court was required to determine who owned the movable property at issue in order to

---

[4]Valrie raised a fifth assignment of error, urging that the trial court committed legal error when it ordered her as usufructuary to permit the plaintiffs, who were naked owners, unfettered access to immovable property subject to a conventional usufruct in her favor. We note that the plaintiffs state in brief that they "have no objection to th[is] court ruling in the appellant's favor as to this Assignment of Error," explaining that their counsel did not have a copy of the injunction hearing transcript when he prepared the judgment and that he had misunderstood the trial court's ruling in this regard. *See* 5 C.J.S. *Appeal and Error* § 1059 (a judgment will ordinarily be reversed on a proper and sufficient confession of error by the appellee). Accordingly, we direct the trial court to amend the July 23, 2009 judgment/order to remove the language ordering Valrie to allow the plaintiffs free access to the property, without interference, during the pendency of these proceedings.

6

ascertain whether to grant the injunction. In the alternative, the plaintiffs submit that, even if Valrie did not waive the right to object to the unauthorized use of a summary proceeding, she was not prejudiced because she was given a full opportunity to introduce evidence and testimony regarding ownership of the movable property. Finally, the plaintiffs attempt to distinguish *Betts*, pointing out that the defendant therein filed an exception of misuse of summary process, which this court likened to an exception of unauthorized use of summary proceeding, but Valrie filed no such exception.

This aspect of Valrie's appeal poses a question of law. In *Domingue v. Bodin*, 08-62, p. 2 (La.App. 3 Cir. 11/5/08), 996 So.2d 654, 657 (*quoting Citgo Petroleum Corp. v. Frantz*, 03-88 (La.App. 3 Cir. 6/4/03), 847 So.2d 734, *writ denied*, 03-1911 (La. 10/31/03), 857 So.2d 484), we stated that appellate review of a question of law is de novo, explaining:

> [a]ppellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. If the trial court's decision was based on its erroneous interpretation or application of the law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court.

In *Domingue*, the husband in a divorce proceeding appealed, arguing that the trial court erred in adopting the recommendations of a hearing officer requiring him to pay a car note and insurance on behalf of his wife, which expenses he characterized as interim spousal support, an issue that neither party pled. In determining the merits of the husband's argument, we noted the following principles:

> Pursuant to La.Code Civ.P. art. 191 "[a] court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law." From that grant of power, trial courts are vested with authority, under La.Code Civ.P. art. 862 to grant relief to the party in whose favor the final judgment rendered was entitled, even if the party has not demanded such a relief in his pleadings

7

and the latter contain no prayer for general and equitable relief. Accordingly, "under proper circumstances proof beyond the pleadings, even if objected to, may be admitted and considered when *permission to amend the pleadings is requested and granted*." La.C.C.P. Art. 1154. (emphasis supplied). *Ussery v. Ussery*, 583 So.2d 838, 841 (La.App. 2 Cir.1991) (*citing Guillory v. Buller*, 398 So.2d 43 (La.App. 3 Cir.1981)). However, notwithstanding this authority, "nothing in the article [art. 862] is intended to confer jurisdiction on a court to decide a controversy which the parties have not regularly brought before it." *Id*. Otherwise, "[a] judgment beyond the pleadings is a nullity." *Id*. at 841, *citing Romero v. State Farm Fire & Casualty Co.*, 479 So.2d 694 (La.App. 3 Cir.1985).

*Domingue*, 996 So.2d at 658. Our review of the record in that case revealed that neither party had requested nor been granted permission to amend the pleadings to request interim spousal support. We determined that the trial court had improperly and unilaterally expanded the pleadings when it entertained a claim that was never presented to it, thus exceeding its authority under the Louisiana Code of Civil Procedure. Accordingly, we reversed the judgment of the trial court.

In the present case, we have reviewed both the original and the first amending and supplemental petition filed by the plaintiffs in this matter and nowhere in those pleadings do the plaintiffs request that the trial court decide the ownership of the movables mentioned therein. The plaintiffs simply list certain movables, describe how they allegedly acquired an ownership interest in those movables, and request that Valrie be ordered to return those movables to the family property. The July 23, 2008 order setting the hearing on the plaintiffs' request for a preliminary injunction directed Valrie to show cause why she should not be ordered to refrain from removing any movables from the family property and to immediately return certain movables that she had allegedly removed from the property. Valrie was also ordered to show cause why the plaintiffs should not be allowed inside the family home to inspect for damages and why the plaintiffs should not continue to have free access to the barns

on the property without interference. The order does not provide notice that the issue of ownership of the named movables would be decided at the injunction hearing. When the trial court reset the hearing on the plaintiffs' request for injunction to June 23, 2009, there was no mention that the hearing would encompass more issues than those described in the original show cause order. As a result, Valrie was not given proper notice that the trial court intended to decide the issue of ownership of the movables at the injunction hearing. Therefore, although an attorney was present and accompanied Valrie at the injunction hearing, we conclude, as we did in *Betts*, that the trial court exceeded its authority when it considered issues beyond the pleadings.[5]

Accordingly, based upon the foregoing, we reverse the portions of the July 23, 2009 judgment/order determining the ownership of various movables. On the other hand, we affirm the portions of the judgment ordering Valrie to return to the premises any of the named movables that she may have taken away so that they may be included in the formal inventory that the trial court ordered to take place.

Next, we note that Valrie's second assignment of error essentially mirrors the argument that she presented to the trial court in her exception of nonjoinder of indispensable parties. As mentioned above, the trial court denied that exception on January 28, 2009. Valrie did not seek review of that ruling in this court. She did not reurge the exception after the plaintiffs amended their petition, nor did she orally reassert the exception at the June 23, 2009 hearing. According to Uniform

---

[5]The *Betts* court determined that, in addition to exceeding its authority by entertaining a claim that was never presented to it, the trial court violated the husband's right to due process of law by not giving him reasonable notice of his wife's request for interim spousal support and by not providing him with a hearing in which he could object to his wife's request. This opinion should be interpreted as a finding that the trial court in the matter herein violated Valrie's due process rights.

9

Rules—Courts of Appeal, Rule 3–2, "Courts of Appeal will review only issues which were submitted to the trial court **and** which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise." (Emphasis added). Valrie only appealed from the trial court judgment/order of July 23, 2009; she did not appeal from the January 28, 2009 judgment denying her exception of nonjoinder of indispensable parties. Because the issue of whether it was proper to conduct a hearing on the validity of alleged manual gifts from a now deceased father to one of his sons when the testimony established that the decedent had another surviving son and three grandchildren by a third predeceased son who had not been joined in the litigation was not submitted to the trial court during the June 23, 2009 hearing, that issue cannot be reviewed in this appeal.

In her third and fourth assignments of error, Valrie asserts that the trial court erred in finding that alleged gifts of separate and community property by Henry Sr. to his son, Dan, were valid manual gifts. Because we have reversed the portions of the July 23, 2009 judgment/order that determined the ownership of various movables, Valrie's third and fourth assignments of error have become moot and will not be addressed as this court is prohibited from rendering advisory opinions. *See Am. Waste & Pollution Control Co. v. St. Martin Parish Police Jury*, 627 So.2d 158 (La.1993); *Charles v. Landry*, 09-1161 (La.App. 3 Cir. 3/10/10), 32 So.3d 1164.

**DECREE**

For the foregoing reasons, we conclude that the trial court exceeded its authority when it decided the ownership of certain movable property, an issue not properly presented to it in the pleadings. The July 23, 2009 judgment/order is reversed insofar as it purports to determine the ownership of various movables. The

10

portions of the judgment ordering Valrie to return to the premises any of the named movables that she may have taken away so that they may be included in the formal inventory is affirmed. The trial court is ordered to amend the July 23, 2009 judgment/order to remove the language ordering Valrie to allow the plaintiffs free access to the family property during the pendency of these proceedings. The July 23, 2009 judgment/order is affirmed in all other respects.

**REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.**