# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 22-202

**FLORENCE GONSOULIN AND HOWARD CHAMPAGNE**

**VERSUS**

**SAMMY BROUSSARD, JR.**

\**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 82963, DIV. B
HONORABLE SUZANNE M. DEMAHY, DISTRICT JUDGE

\**********

**JONATHAN W. PERRY**
**JUDGE**

\**********

Court composed of Van H. Kyzar, Jonathan W. Perry, and Sharon Darville Wilson, Judges.

**AFFIRMED.**

**Ramon J. Fonseca, Jr.**
**921 Kaliste Saloom Road**
**Lafayette, Louisiana 70508**
**(337) 456-1163**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
 **Florence Gonsoulin, Howard Champagne,**
 **and Gonsoulin Investments, Inc.**


**Edmond L. Guidry, III**
**Guidry & Guidry**
**324 S. Main Street**
**St. Martinville, Louisiana 70582**
**(337) 394-7116**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
 **Sammy Broussard, Jr. and SSB 2012 Family Trust No. 1**

**PERRY, Judge.**

The issue in this case is whether the conversion of a boundary action to a petitory action by plaintiffs in response to, and to overcome, defendants' peremptory exception of nonjoinder now bars plaintiffs from urging nonjoinder as the basis for reversing an adverse judgment.

FACTS AND PROCEDURAL HISTORY

In 2015, Florence Gonsoulin and Howard Champagne ("Plaintiffs")[1] filed a boundary action against Sammy Broussard, Jr., claiming property Plaintiffs allegedly acquired through the succession of Francois Champagne was being encroached upon by Sammy Broussard, Jr. erecting a fence on the property in dispute. In answer, Sammy Broussard, Jr. and SSB 2012 Family Trust No. 1[2] ("Defendants") alleged acquisitive prescription of ten- and, alternatively, thirty-years' possession.

In March 2021, Plaintiffs filed an amended petition converting their boundary action to a petitory action. After trial on June 30, 2021, the trial court rendered judgment rejecting Plaintiffs' demands to be declared owners of the property in dispute, and decreeing Defendants owners of the property in dispute, "having acquired said property by acquisitive prescription of thirty years." Judgment to this effect was signed on August 6, 2021. Plaintiffs appeal.

---

[1] Florence Gonsoulin donated her interest in the property in dispute to Gonsoulin Investments, Inc.; therefore, it was added as a plaintiff by amended petition in January 2021.

[2] Sammy Broussard, Jr. donated his interest in the property in dispute to SSB 2012 Family Trust No. 2; therefore, it was added as a defendant to Plaintiffs' boundary action by amended petition in December 2016.

## APPELLANTS' ASSIGNMENT OF ERROR

The sole error assigned by Plaintiffs[3] before this court is "[t]he [t]rial [c]ourt committed reversible legal error in awarding prescriptive title in the absence of indispensable parties."

## APPELLANTS' ARGUMENT

Plaintiffs contend the trial court erred in granting prescriptive title to Defendants when certain undivided owners of the property in dispute had not been made parties to this litigation. Plaintiffs argue the unnamed undivided owners are indispensable parties who were deprived of their ownership without due process of law.

## APPELLEES' POSITION

Defendants allege Plaintiffs opposed adding additional potential undivided owners of the property in dispute in the trial court and, upon Plaintiffs' suggestion, the trial court allowed the amendment of Plaintiffs' petition, converting this boundary action to a petitory action. Defendants argue the trial court's judgment should not be reversed when Plaintiffs are responsible for not adding potential owners of the property in dispute prior to the trial of this case. We agree.

## LAW AND DISCUSSION

Plaintiffs' appeal poses a question of law. In *Domingue v. Bodin*, 08-062, p. 2 (La.App. 3 Cir. 11/5/08), 996 So.2d 654, 657 (quoting *Citgo Petro. Corp. v. Frantz*, 03-088, pp. 3-4 (La.App. 3 Cir. 6/4/03), 847 So.2d 734, 736, *writ denied*, 03-1911

---

[3] This assignment was raised in Appellants' brief electronically filed on May 5, 2022, and received by this court on May 18, 2022. The same counsel filed a second brief electronically on May 25, 2022, and received by this court on May 26, 2022, in the name of Gonsoulin Investments, Inc., designating a second assignment of error. Because the second assignment of error was not raised in Appellants' first brief in compliance with Rule 2-12.4 of Uniform Rules of Louisiana Courts of Appeal, we decline to consider it herein.

2

(La. 10/31/03), 857 So.2d 484), this court stated that appellate review of a question of law is de novo, explaining:

> [a]ppellate review of questions of law is simply to determine whether the trial court was legally correct or legally incorrect. If the trial court's decision was based on its erroneous interpretation or application of the law, rather than a valid exercise of discretion, such incorrect decision is not entitled to deference by the reviewing court.

Accordingly, under the de novo standard of review, we "review the record in its entirety to determine whether the trial court's decision was legally correct in light of the evidence." *Id.*

The issue presented for our consideration on appeal is whether the trial court erred in granting judgment despite there being parties whose joinder was required under La.Code Civ.P. art. 641. Louisiana Code of Civil Procedure Article 641 provides:

> A person shall be joined as a party in the action when either:
>
> (1) In his absence relief cannot be accorded among those already parties.
>
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
>
> > (a) As a practical matter, impair or impede his ability to protect that interest.
> >
> > (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

The record reflects Defendants filed a peremptory exception of nonjoinder in response to Plaintiffs' boundary action in December 2017. The minutes of February 23, 2021, reveal the trial court considered reciprocal motions for preliminary injunctions and Defendants' exception of nonjoinder. The minutes of the trial court state, "THE RULING ON THE EXCEPTION OF NON-JOINDER IS DEFERRED TO A LATER DATE IN ORDER TO ALLOW THE PLAINTIFFS TO AMEND

THE PETITION REMOVING THE 'BOUNDARY ACTION' FROM THE SUIT."

The trial court also signed a judgment in open court on February 23, 2021, declaring, in pertinent part, "the ruling on the Exception of Non-Joinder is deferred to a later date in order to allow the Plaintiffs to amend the Petition removing the 'boundary action' from the suit. The Plaintiff[s] agreed to amend the Petition within thirty (30) days, which would make the Exception of Non-Joinder moot." Additionally, the minutes and judgment note a trial on the merits was set for June 30, 2021.

On March 29, 2021, a Third Amended and Supplemental Petition was filed, dismissing Plaintiffs' "boundary action claim without prejudice" and praying for "a Petitory[4] Judgment . . . in favor of [Plaintiffs], affirming ownership and superior title to the disputed property[.]" In answer and reconventional demand, Defendants alleged ownership of the property in dispute through Defendants' ancestor-in-title, Dr. J. Lamar Beyt, or through acquisitive prescription of ten- and, alternatively, thirty-years' possession.

In brief to this court, Defendants allege Plaintiffs "stringently objected to adding additional plaintiffs" and submitted to the trial court that Defendants' exception of nonjoinder would be rendered moot if the trial court allowed Plaintiffs to amend their action, converting it from a boundary action to a petitory action. Defendants argue the trial court's judgment should not be reversed to allow Plaintiffs, after losing in the trial court, "another bite at the apple."

Arguing before this court, Defendants pointed to the Louisiana Supreme Court's application of the common law the doctrine of judicial estoppel[5] in *Webb*

---

[4] Louisiana Code of Civil Procedure Article 3651 defines a petitory action as "one brought by a person who claims the ownership, but who is not in possession, of immovable property or a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership."

[5] Louisiana Civil Code Article 1853 defines a judicial confession as "a declaration made by a party in a judicial proceeding. That confession constitutes full proof against the party who

*v. Webb*, 18-320 (La. 12/5/18), 263 So.3d 321. Therein, the supreme court explained that "'judicial estoppel [is] an equitable doctrine designed to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Id.* at 328 (quoting *Miller v. Conagra, Inc.*, 08-021, p. 9 (La. 9/8/08), 991 So.2d 445, 452). In deciding whether the doctrine of judicial estoppel applies, we must consider whether: "(1) the party against whom judicial estoppel is sought has asserted a legal position that is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Hawkins v. Meridian Res. & Expl. LLC*, 16-1545, p. 11 (La.App. 1 Cir. 12/6/17), 236 So.3d 610, 618, *writ denied*, 18-027 (La. 4/16/18), 240 So.3d 920.

After de novo review, we find the record in this matter confirms that at no time during the trial on the merits, and not until this appeal was filed, did Plaintiffs contest the lawfulness of the trial court's consideration of the parties' opposing claims to the property in dispute. Plaintiffs have clearly taken a legal position which is inconsistent with a prior position—to the trial court, Plaintiffs objected to joinder of other alleged co-owners whereas, here, Plaintiffs argue nonjoinder is a basis for reversing the trial court's adverse judgment. Plaintiffs' previous position was evidently accepted by the trial court whose ruling on Defendants' exception of nonjoinder was deferred to allow Plaintiffs to file an amended petition, after which the matter proceeded to trial as previously scheduled. Finally, we find no basis to conclude Plaintiffs' actions were inadvertent. In objecting to joinder, Plaintiffs purposefully sought and were granted the opportunity to file an amended petition which converted their action from a boundary action to a petitory action based on

made it. A judicial confession is indivisible and it may be revoked only on the ground of error of fact."

5

the condition that doing so would moot the issue of joinder. This is clearly reflected in the judgment of the trial court signed on February 23, 2021. Consequently, we find no merit to Plaintiffs' contention that the trial court erred in granting judgment on April 6, 2021, after trial on the merits, despite there being parties whose joinder was potentially required under La.Code Civ.P. art. 641.

## DECREE

For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to Plaintiffs.

**AFFIRMED.**